The **HAROLD WASHINGTON PARTY,**
et al., Plaintiffs–Appellants,

v.

The **COOK COUNTY, ILLINOIS
DEMOCRATIC PARTY,** et al.,
Defendants–Appellees.

No. 91–2712.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 17, 1992.

Decided Jan. 29, 1993.

Rehearing Denied March 17, 1993.

Roosevelt Thomas, Martin & Thomas, Robert E. Pincham, Jr., R. Eugene Pincham, Sr. (argued), Chicago, IL, for Harold Washington Party.

Brian L. Crowe, Henslee, Monek & Henslee, John F. Kennedy, Stamos & Trucco, Chicago, IL, for Cook County Illinois Democratic Party and Thomas Lyons.

David P. Schippers, Schippers & Gilbert, Chicago, IL, Martin J. McNally, Markham, IL, for Tom Carey and Michael Carey.

Michael C. Moses, Chicago, IL, for Michael F. Sheahan.

Joseph A. Spitalli (argued), Simon & Spitalli, Chicago, IL, for Ray Simmon.

John A. Dienner, III, George Murtaugh, Jr., Lydon & Griffin, Chicago, IL, for Bonnie McGuire.

George N. Leighton, Neal & Associates, Gregory A. Adamski, Karen Conti, Adamski & Conti, Chicago, IL, for Valerie A. Sutton, Patton L. Feichter, Ervin S. Picke, David Barrera and Dorothy Reed.

Before FLAUM and MANION, Circuit Judges, and CURRAN, District Judge.*

CURRAN, District Judge.

## A. BACKGROUND

The Harold Washington Party (HWP), named after a deceased Chicago mayor, is a fledgling Chicago political party whose voters, members and supporters are predominantly African–Americans. The party was founded and incorporated in Illinois as a Chicago political party in 1989. As the November 6, 1990, general election approached, the party attempted to become a political presence in Cook County, Illinois, as well as in the City of Chicago, by slating candidates for the positions of Cook County Sheriff, State's Attorney, Assessor, Clerk, Treasurer, Board President, as well as other offices.[1] Nominating petitions containing over 60,000 signatures were filed on behalf of these candidates.

The case before us arose out of the efforts of the Chicago Cook County Democratic Party (CCCDP) to remove the Harold Washington Party candidates from the Cook County November 6, 1990, general election ballot. The background of this dispute, as recounted by the Illinois Supreme Court in a related action, evolved as follows:

On August 6, 1990, Barbara J. Norman and others (the Party) filed petitions to place their names on the November 6, 1990, election ballot as candidates for office under the HAROLD WASHINGTON PARTY (Washington Party) name. The Washington Party candidates filed as a "new" political party in Cook County under article 10 of the Code (Ill.Rev. Stat.1989, ch. 46, par. 10–1 et seq.), even though the Washington Party was already an established party in the City of Chicago. The Washington Party fielded candidates for all nonjudicial, countywide offices, and for county commissioners to be elected at-large within the City of Chicago (city commissioners), county commissioners to be elected at-large from outside the City of Chicago (suburban commissioners) and commissioners of the Water Reclamation District of Greater Chicago.

Dorothy Reed and others (the objectors) filed objections to the Washington Party candidates' nomination pursuant to section 10–8 of the code, contending that the Washington Party petitions lacked the requisite number of signatures, and had failed to meet other requirements of section 10–2 of the Code (Ill.Rev.Stat. 1989, ch. 46, par. 10–2).

The Cook County officers electoral board (the board) examined the objections and held that the Washington Party candidates were entitled to appear on the November ballot, with the exception of the candidates for the water district and the suburban-district ˙ commissioners. The board found that the Washington Party had failed to gather the necessary number of petition signatures from within those districts in support of those candidates.

---

* The Honorable Thomas J. Curran, District Judge for the Eastern District of Wisconsin, is sitting by designation.

1. Under Illinois law, citizens wishing to organize a "new political party" must collect approximately 25,000 signatures from voters in the political unit in which the party intends to slate candidates for office. If enough valid signatures are collected, the organization becomes a "new political party" under Illinois law. See Ill.Rev.Stat., ch. 46, § 10–2 (1989). If the party

gathers five percent of the vote in the next election, it becomes an "established political party." Id. However, a "new" political party can become "established" only in the political subdivision where it has fielded candidates. Thus, prior to the November 6, 1990, general election, the Harold Washington Party was not an established party in Cook County, Illinois, even though it had become established in the City of Chicago municipal elections.

The objectors appealed the board's decision to the circuit court of Cook County. That court, in an order filed on September 20, 1990, affirmed the board's decision in part and reversed it in part. It held that the failure of the suburban commissioners' candidacy and the failure to present judicial candidates resulted in a failure by the Washington Party to submit a "complete slate" of candidates as required by section 10–2 of the Code, and that therefore all Washington Party candidates were ineligible for the ballot.

This court then reviewed the circuit court's decision pursuant to Illinois Supreme Court Rule 302(b) (134 Ill.2d R. 302(b)), and issued an order filed on October 12, 1990, affirming the circuit court's decision on two separate grounds. First, this court held that the Washington Party candidates could not use the Washington Party party name because it was the name of an "established political party," in violation of section 10–5 of the Code. Second, this court held that the failure of the suburban commissioners' petitions resulted in the Washington Party's failure to file a complete slate of candidates and that, therefore, its nomination papers did not comply with section 10–2. As a result, this court found it unnecessary to address the remaining points raised on appeal, among them being whether the Washington Party's failure to slate judicial candidates was fatal to its candidates' petitions.

*Reed v. Kusper,* 154 Ill.2d 77, 180 Ill.Dec. 685, 686–87, 607 N.E.2d 1198, 1199–2000 (1992) (ruling after remand).

Shortly thereafter, the United States Supreme Court granted certiorari, stayed the order of the Illinois Supreme Court, and ordered that the Harold Washington Party candidates be listed on the November 6, 1992 ballot. On January 14, 1992, the Supreme Court issued an opinion upholding the decision of the Cook County Officers Electoral Board. *See Norman v. Reed,* —— U.S. ——, 112 S.Ct. 698, 116 L.Ed.2d 711 (1992).

■ Meanwhile, on October 1, 1990, the appellants [2] filed the instant action in the United States District Court for the Northern District of Illinois alleging that the Cook County Democratic Party and eleven individuals [3] conspired to keep the Harold Washington Party candidates off the November 6 ballot. The Plaintiffs in the district court sought injunctive and monetary relief pursuant to 42 U.S.C. § 1983 for violations of their constitutional rights guaranteed by the First, Thirteenth, Fourteenth and Fifteenth Amendments to the United States Constitution. The Complaint also cites 18 U.S.C. § 231 and 42 U.S.C. §§ 1971 & 1985(2) as avenues of relief. Four attorneys filed notices of appearances on behalf of the Plaintiffs. Lead attorney for the Plaintiffs was R. Eugene Pincham, who ran as the Harold Washington Party candidate for mayor during the pendency of this action.

2. The purported Plaintiffs–Appellants are: The Harold Washington Party; Barbara Norman, a HWP candidate and representative of a class of HWP candidates in the November 6, 1990 election; Timuel Black, a HWP nomination petition signer and representative of a class of signers of HWP nominating petitions for the November 6, 1990 election; Fannie O'Bannion, a HWP supporter and voter; and O.B. Roberts, a HWP petition circulator and representative of a class of circulators of the HWP nominating petitions for the November 6, 1990 election.

This circuit holds that Federal Rule of Appellate Procedure 3(c) requires, as a matter of jurisdiction, that the caption and notice of appeal, read together, must contain the names of all appellants. *See Albedyll v. Wisconsin Porcelian Company Revised Retirement Plan,* 947 F.2d 246, 253 (7th Cir.1991). The Plaintiffs' "Notice

of Appeal" specifically names only the Harold Washington Party as the appellant. Consequently, the other named Plaintiffs in the district court have forfeited their appeal rights. *See Allen–Archery, Inc. v. Precision Shooting Equipment,* 857 F.2d 1176, 1177 (7th Cir.1988). Although we will continue to refer to the Plaintiffs–Appellants in the plural, the Harold Washington Party is the only valid Appellant.

3. The named Defendants are: the Cook County, Illinois Democratic Party; its chairman Thomas Lyons; its attorneys, Michael Carey and Ray Simmon; its candidate for Cook County Sheriff, Michael Sheahan; its supporter, Bonnie McGuire; and Valerie A. Sutton, Patton L. Feichter, Ervin S. Ricks, David Barrera, and Dorothy Reed, objectors to the HWP petitions.

On November 13, 1990, the Defendants filed a motion to dismiss for lack of jurisdiction and for failure to state a claim upon which relief can be granted. *See* Federal Rule of Civil Procedure 12(b)(1) & (b)(6). At a December 3, 1990, status conference a briefing schedule was set whereby the Plaintiffs were to respond to the motion by January 2, 1991. The briefing schedule was memorialized by a minute order. On January 11, 1991, Attorney Robert E. Pincham, Jr. filed a motion seeking an extension of time in which to respond on the ground that his father, the lead counsel, was recovering from surgery. The court granted the motion and ordered the Plaintiffs to respond by February 1. This schedule was also memorialized as a minute order. On January 23, 1991, the Plaintiffs again moved for an extension of time due to the continuing illness of the lead attorney. Again, the motion was granted and the district judge ordered the Plaintiffs to respond by March 1. After that deadline passed with no response being filed, the Defendants moved for entry of an order granting their motion to dismiss for lack of jurisdiction, for failure to state a claim, and for failure to respond to the original motion to dismiss.

The court heard the Defendants' motion on April 5, 1991, at which time the Plaintiffs asked for another fourteen days in which to respond. This time the court denied the request and granted the motion to dismiss. A final judgment dismissing the action with prejudice was docketed on April 8, 1991.

On April 17, 1991, the Plaintiffs served a motion to vacate the April 5 order dismissing the complaint. This motion was heard on April 22, at which time the Plaintiffs finally responded to the motion to dismiss. In a July 12, 1991, memorandum opinion, the district court decided that this motion was untimely for purposes of Federal Rule

of Civil Procedure 59(e),[4] so it considered the motion under Rule 60(b) and found that the Plaintiffs had not established mistake, surprise, inadvertence, excusable neglect or any other exceptional circumstances. Therefore, the motion to vacate was denied.

On July 19, 1991, the Plaintiffs filed a notice of appeal from the court's order of July 12. The principal issue before us is whether the district judge abused his discretion in denying the Plaintiffs' motion to vacate the judgment of dismissal under Rule 60(b). Because we conclude that he did not, we affirm.

## B. CLASS ALLEGATIONS

As a threshold matter, the Plaintiffs point out that, because this case was filed as a Class action, the district court erred when it dismissed the complaint with prejudice without addressing the issue of class certification or notifying the putative class. *See* Federal Rule of Civil Procedure 23(c)(1). This argument raises the question of whether there is a final judgment over which this court has jurisdiction. *See* 28 U.S.C. § 1291. If the district court has indicated that it contemplates additional proceedings to address the class issue, its judgment is not final for purposes of appeal.

In this case the district court never addressed the class certification issue and did not specifically reserve that question. Our cases hold that, absent a reservation of the class certification issue, the district court's failure to certify the class does not render the district court's judgment nonfinal, but merely limits the scope of the judgment in that the claims must be treated as being brought solely by the named Plaintiffs against the named Defendants. *See, e.g., Rutan v. Republican Party*, 868 F.2d 943 (1989) (en banc), *aff'd in part and rev'd in*

---

4. The parties have failed to note that, while the motion to dismiss was granted on April 5, judgment was not entered on the docket until April 8. *See* Federal Rules of Civil Procedure 58 & 79(a) (a judgment is effective only when set forth as a separate document and entered on the docket). Therefore, excluding weekends, the motion to vacate was filed within the ten day

time limit specified in Rule 59(e). Nevertheless, the Plaintiffs vehemently denied that their motion was brought pursuant to Rule 59(e). *See* Plaintiffs' Answer to the Defendants' Objections to Plaintiffs' Motion to Vacate the Order of April 5, 1991 Dismissing Plaintiffs' Complaint at 1–2. Therefore, we cannot say that the district court erred in applying Rule 60(b).

*part on other grounds,* 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990); *Currie v. Diamond Mortgage Corporation,* 859 F.2d 1538 (7th Cir.1988); *Gomez v. Illinois State Board of Education,* 811 F.2d 1030 (7th Cir.1987). Accordingly, we have jurisdiction to consider this appeal.

## C. RULE 60(b)

■ We now turn to the issue of whether the district judge abused his discretion in denying the Plaintiffs' motion to vacate the judgment under Rule 60(b). Rule 60(b) of the Federal Rules of Civil Procedure provides, in relevant part, that:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

It is well-established that Rule 60(b) relief "is an extraordinary remedy and is granted only in exceptional circumstances." *C.K.S. Engineers, Inc. v. White Mountain Gypsum Company,* 726 F.2d 1202, 1205 (7th Cir.1984). Because district courts must be able to control their own dockets, we give them wide latitude in declining Rule 60(b) motions and review such decisions only for an abuse of discretion. *See Zuelzke Tool & Engineering Company, Inc. v. Anderson Die Castings, Inc.,* 925 F.2d 226, 228–29 (7th Cir.1991). An abuse of discretion can be found only where " 'no reasonable person could agree with the district court.' " *Nelson v. City Colleges of*

*Chicago,* 962 F.2d 754, 755 (7th Cir.1992) (quoting *McKnight v. United States Steel Corporation,* 726 F.2d 333, 335 (7th Cir. 1984)).

At the hearing held on April 5, 1991, the district court did not address the merits of the Defendants' motion to dismiss. Instead, the judge recounted the procedural history of the case, including the two extensions of time granted to the Plaintiffs and their failure to file a response to the motion despite the appearance of four lawyers on their behalf. After chastising the Plaintiffs for this delay and inaction, the judge granted the motion to dismiss. Although the Defendants moved for dismissal on the merits, it is apparent from the judge's remarks that the motion to dismiss was granted pursuant to Federal Rule of Civil Procedure 41(b), which provides that:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

The Plaintiffs then filed their motion to vacate the judgment which was subsequently entered on April 8. The Plaintiffs argued that they had a meritorious response to the motion to dismiss; that the Defendants had shown no prejudice; and that their failure to file a timely response to the motion was not willful but was occasioned by the lead counsel's illness and his campaign for the office of mayor of Chicago.

In its July 12 memorandum opinion the court ruled that the Plaintiffs had failed to establish grounds of "mistake, surprise or excusable neglect." As he denied the motion to vacate, the judge observed that, while the lead counsel might have been unable to respond, the other three attorneys who appeared for the Plaintiffs had

wholly failed to explain their failure to answer the motion to dismiss.

Following the conclusion of these proceedings in the district court, the only timely notice of appeal filed by the Plaintiffs was from the July 12 order denying their motion to vacate under Rule 60(b). An appeal from the denial of a Rule 60(b) motion does not trigger appellate review of the merits of the underlying judgment.[5] *See Kagan v. Caterpillar Tractor Company*, 795 F.2d 601, 607 (7th Cir.1986). Thus, all that is before this court is the district court's refusal to vacate its judgment.

Our review of the record does not reveal that the district court relied on forbidden factors or failed to consider any important relevant factor in denying the Plaintiffs' motion to vacate. *See Tolliver v. Northrop Corporation*, 786 F.2d 316, 319 (7th Cir.1986). The only ground listed in Rule 60(b) addressed by the Plaintiffs was "excusable neglect." *See* Federal Rule of Civil Procedure 60(b)(1). And, as the district judge pointed out, what may arguably have been excusable neglect on the part of the lead counsel could not excuse or explain the neglect on the part of the other three counsel of record.

The Plaintiffs vehemently maintain that they had a meritorious response to the motion to dismiss, but the existence of a meritorious defense, standing alone, does not excuse carelessness and disregard for court orders and schedules. *See Zuelzke Tool & Engineering Company, Inc. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 230 (7th Cir.1991). Similarly, the lack of prejudice to the Defendants is not a factor which lends any weight to the Plaintiffs' position. When a court dismisses for failure to prosecute, it is primarily for the purpose of controlling its own crowded docket and for the purpose of punishing dilatory conduct and deterring those who might be tempted to engage in such conduct. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (per curiam).

In this instance the Plaintiffs had four months to argue the merits of their claims. Offering their response only after judgment had been granted did not demonstrate the diligence or extraordinary circumstances necessary to invoke Rule 60(b). When a party abdicates its responsibilities through its attorneys' carelessness, relief from judgment under Rule 60(b) is not warranted. *See Zuelzke*, 925 F.2d at 229; *Western Transportation Company v. E.I. DuPont de Nemours and Company*, 682 F.2d 1233, 1236 (7th Cir.1982). While the facts in this case are not as egregious as some, this court cannot conclude that the district judge abused his discretion or was unreasonable in finding that the Plaintiffs had not established excusable neglect. Therefore, the district court's judgment denying relief under Rule 60(b) Is AFFIRMED.

---

5. Consequently, the Plaintiffs' argument that the court never *ordered* them to file a brief prior to dismissal is both incorrect and irrelevant as they can no longer appeal from the judgment of dismissal under Rule 41(b) for want of prosecution.