Mary **DICKERSON**, Plaintiff–Appellant,

v.

**BOARD OF EDUCATION OF FORD HEIGHTS, ILLINOIS,** Defendant–Appellee.

No. 93–2207.

United States Court of Appeals, Seventh Circuit.

Argued April 27, 1994.

Decided Aug. 12, 1994.

---

James Childs, Jr. argued, Childs, Willis & Associates, Chicago, IL, for plaintiff-appellant.

Edward M. Kay, James T. Ferrini, Mark Seplak, argued, Susan Condon, Imelda Terrazino, Diane M. Baron, Michael R. Grimm, Clausen, Miller, Gorman, Caffrey & Witous, Chicago, IL, for defendant-appellee.

Before ESCHBACH, COFFEY, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Mary Dickerson, who is seventy-seven years old, filed this age discrimination action against the Board of Education of Ford Heights, Illinois in August 1990. In 1993, after Dickerson had missed two deadlines to submit a pretrial order and had failed to advise the district court in advance of those deadlines that they could not be met, the district court dismissed the action for failure to prosecute. Fed.R.Civ.P. 41(b). Rather than directly appealing that decision, Dickerson's counsel moved to vacate the dismissal, claiming that serious family problems had made it impossible for him to meet the court's deadlines. Following a hearing on counsel's motion, the district court refused to reinstate the case. Again Dickerson did not appeal, instead filing a motion requesting that the district court reconsider its decision not to reinstate the case. Fed.R.Civ.P. 60(b). Dickerson now appeals the court's denial of the motion to reconsider. We affirm.

## I. BACKGROUND

Mary Dickerson began working as a teacher for the Board of Education of Ford Heights, Illinois (the "Board") in 1961. On August 16, 1990, with counsel's assistance, Dickerson filed an amended complaint alleging that the Board had denied her salary raises and promotions because of her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. Dickerson also alleged that the Board had deliberately misplaced documents from her personnel file which would have established her credentials for the raises and promotions she had sought. On May 18, 1992, the district court ordered Dickerson to respond to the Board's requests for discovery and directed Dickerson to submit a final pretrial order by August 28, 1992. On that date, neither the pretrial order nor a motion for an extension of time had been filed with the district court. On September 23, 1992, Dickerson requested a sixty-day extension of time within which to file the pretrial order. The parties submitted a joint motion advising the court that all discovery, including the taking of Dickerson's deposition testimony, had been completed, and that Dickerson's request for a sixty-day

extension of time was necessary due to serious problems that had arisen in counsel's immediate family, including his mother's incapacitating illness.[1] The district court agreed to extend the time within which to file the pretrial order until October 31, 1992.

Dickerson missed the court's October 31, 1992 deadline for filing the pretrial order and took no steps to advise the court concerning the status of the case. On February 10, 1993, acting *sua sponte*, the district court dismissed the case for want of prosecution. On February 18, 1993, Dickerson's counsel filed a motion to vacate the dismissal, asking the court to excuse his delay in filing the required pretrial order. As grounds for granting the motion, counsel cited his own illness and the difficulties he had encountered due to the unanticipated severity of his mother's illness. Counsel also requested a fourteen-day extension of time to file the requisite order. A hearing on the motion was held on February 26, 1993. At the hearing, the Board's counsel stated that Dickerson's counsel had failed to act with due diligence in prosecuting the case since its inception in 1990.[2] On March 1, 1993, after noting that Dickerson's motion was without arguable merit under Rule 59(e), and that Dickerson had not brought forward any facts which would justify vacating dismissal of the case because of excusable neglect under Fed.R.Civ.P. 60(b), the court denied the motion. Dickerson then filed a motion for reconsideration of her motion to vacate dismissal, which the court treated as having been brought pursuant to Rule 60(b) for the purpose of reinstating the case. Observing that counsel had presented insufficient grounds to warrant relief under Rule 60(b), the court denied the motion on April 15, 1993. Dickerson's notice of appeal, filed May 14, 1993, is timely only with respect to the district court's denial of her second motion for reconsideration.[3]

## II. ANALYSIS

The sole issue on appeal is whether the district court abused its discretion in denying Dickerson's Rule 60(b) motion for reconsideration of its refusal to vacate the dismissal of her case for failure to prosecute. Federal Rule of Civil Procedure 60(b) permits a party to seek relief from a final judgment, order, or proceeding on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud. "It is well-established that Rule 60(b) relief 'is an extraordinary remedy and is granted only in exceptional circumstances.'" *Harold Washington Party v. Cook County, Illinois Democratic Party*, 984 F.2d 875, 879 (7th Cir.) (quoting *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir.1984)), *cert. denied,* — U.S. —, 114 S.Ct. 86, 126 L.Ed.2d 54 (1993). Relief under Rule 60(b) from a dismissal for lack of prosecution is thus warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Daniels v. Brennan*, 887 F.2d 783, 790 (7th Cir.1989) (quoting *3 Penny Theater Corp. v. Plitt Theatres, Inc.*, 812 F.2d 337, 340 (7th Cir.1987)) (citations, internal quotations omitted). The district court's denial of a Rule 60(b) motion is reviewed under a highly deferential standard, and is reversed only for an abuse of discretion. *See id.; Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 607 (7th Cir.1986).

"It is well-established that district courts possess inherent authority to dismiss a case *sua sponte* for a plaintiff's failure to prosecute." *GCIU Employer Retirement Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1199 (7th Cir.1993) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8

1. In the joint motion, Dickerson's counsel indicated that his mother was stricken with an illness similar to Alzheimer's which required him to move her from Dayton, Ohio, to Chicago, Illinois, and that attending to her needs had caused serious disruptions in his law practice.

2. The record is silent as to whether this contradicts the Board's earlier position that discovery had been completed as of late September 1992.

No transcript of the hearing (if indeed it was transcribed) was made part of the record.

3. Citing Fed.R.App.P. 4(a), this court summarily dismissed for want of jurisdiction Dickerson's appeal of the district court's February 10, 1993 dismissal of the case and its March 1, 1993 denial of Dickerson's motion to vacate that dismissal. *Dickerson v. Board of Education*, No. 93–2207 (7th Cir. June 29, 1993) (unpublished).

L.Ed.2d 734 (1962)). A court is permitted to infer a lack of intent to prosecute a case from a pattern of failure to meet court-imposed deadlines. *See id.; Pyramid Energy, Ltd. v. Heyl & Patterson, Inc.,* 869 F.2d 1058, 1061–62 (7th Cir.1989). Where the pattern of dilatory conduct is clear, dismissal need not be preceded by the imposition of less severe sanctions. *See Ball v. City of Chicago,* 2 F.3d 752, 760 (7th Cir.1993); *Pyramid Energy,* 869 F.2d at 1062. Moreover, because a district court's dismissal for failure to prosecute under Fed.R.Civ.P. 41(b) is reviewed only for an abuse of discretion, *see GCIU Employer Retirement Fund,* 8 F.3d at 1199, a court's decision under Rule 60(b) not to reinstate a case dismissed for want of prosecution has been described as "discretion piled on discretion." *Tolliver v. Northrop Corp.,* 786 F.2d 316, 319 (7th Cir.1986).

■ Dickerson contends that the court committed an abuse of discretion in denying her motion to reconsider its refusal to vacate the Rule 41(b) dismissal for the following reasons: (1) the court's application of Rule 21(a) of the Local General Rules of the Northern District of Illinois was improper on its face;[4] (2) the dismissal for failure to prosecute was unsupported by a record of delay or contumacious conduct, and unaccompanied by any explanation why a less severe sanction was inadequate; and (3) counsel did not willfully miss deadlines but did so only because he was "inundated by unexpected and severe personal problems." In advancing these arguments, Dickerson appears to be asking the court to review the merits of the underlying dismissal for want of prosecution rather than its denial of her Rule 60(b) motion. *Cf. Webber v. Eye Corp.,* 721 F.2d 1067 (7th Cir.1983) *(per curiam )* (appeal of Rule 41(b) dismissal). An appeal from the denial of a motion for reconsideration does not, however, trigger appellate review of the merits of the underlying judgment. *See Harold Washington Party,* 984 F.2d at 880; *Kagan,* 795 F.2d at 606–07. Rather, the

circumstances of the underlying dismissal are examined for the limited purpose of determining whether there is a substantial danger that the dismissal was fundamentally unjust. *See Daniels,* 887 F.2d at 790. The district court's decision will therefore stand "unless the judge was very far off base—if the judge relied on forbidden factors or omitted to consider some important relevant factor." *Tolliver,* 786 F.2d at 319; *see Harold Washington Party,* 984 F.2d at 880.

■ In this case, Dickerson twice failed to submit a final pretrial order on the dates specified by the district court or to advise the court on a timely basis of her inability to do so.[5] After missing the district court's second deadline, Dickerson was not heard from for the next four months—until the court acted *sua sponte* to dismiss her complaint. At that time, Dickerson's counsel moved to vacate the dismissal, explaining that the exceptional severity of certain family problems had prevented him from attending to his law practice, and that other unnamed attorneys whom he had asked to assist him had been obliged to leave the country on urgent business. In response to the motion, the court granted a hearing to determine whether the dismissal should be vacated. At the hearing, Dickerson's counsel was still unable to submit the pretrial order, and instead asked for another extension of time. Approximately five weeks later, after the court had refused to vacate the dismissal and counsel requested reconsideration of that decision, counsel had not yet cured this default. *See Daniels,* 887 F.2d at 790 (failure to tender the pretrial order is a sound reason to refuse to reinstate a case); *Pyramid Energy,* 869 F.2d at 1061 (same).

In its March 1, 1993 order refusing to reinstate the case, the district court stated that Dickerson had failed to present any facts which would justify vacating the dismissal. It is unclear whether the court in an exercise of its discretion determined that counsel's difficulties did not warrant vacating

**4.** Rule 21(A) provides: "Cases which have been inactive for more than six months may be dismissed for want of prosecution."

**5.** Under Rule 5 of the Local General Rules of the Northern District of Illinois, parties to a civil

case must jointly file a proposed final pretrial order. It is the responsibility of plaintiff's counsel to prepare a draft of the order and submit it to opposing counsel in ample time to meet the district court's deadline.

its dismissal of the case, or whether the court believed that severe illness in counsel's immediate family can never constitute a good reason to miss a deadline, and thus is not a factor to be weighed in reaching its decision. In either case, the district court was not "very far off base" in declining to revisit that decision in its April 15, 1993 order. Where, for example, courts have recognized that severe illness may constitute excusable neglect for failure to file a timely appeal, only the attorney's own incapacitating illness has been considered relevant. *See Islamic Republic of Iran v. Boeing Co.*, 739 F.2d 464, 465 (9th Cir.1984) *(per curiam)* (collecting cases), *cert. denied*, 470 U.S. 1053, 105 S.Ct. 1755, 84 L.Ed.2d 819 (1985). In *Islamic Republic*, the court placed great weight on the fact that counsel was the only attorney responsible for the administration of the case, and that he was not reasonably capable of communicating the need to file the notice of appeal to any other available person before the expiration of the deadline for filing. 739 F.2d at 465. Furthermore, although one court has ruled that where counsel's personal problems, including the serious illness of his wife, caused him to grossly neglect a diligent client's case, a district court may grant relief under Rule 60(b), *see L.P. Steuart, Inc. v. Matthews*, 329 F.2d 234, 235–36 (D.C.Cir.), *cert. denied*, 379 U.S. 824, 85 S.Ct. 50, 13 L.Ed.2d 35 (1964), the Seventh Circuit has never so held. Indeed, this court has recently held that counsel's negligence, whether gross or otherwise, is never a ground for Rule 60(b) relief. *See United States v. 7108 West Grand Avenue*, 15 F.3d 632, 634–35 (7th Cir.), *cert. denied*, — U.S. —, 114 S.Ct. 2691, 129 L.Ed.2d 822 (1994); *see also Chicago Downs Ass'n, Inc. v. Chase*, 944 F.2d 366, 370 & n. 1 (7th Cir.1991) (counsel's negligence has never constituted ground for Rule 60(b) relief); *Reinsurance Company of America, Inc. v. Administratia Asigurarilor de Stat*, 902 F.2d 1275, 1278 & n. 1 (7th Cir.1990) (rejecting the reasoning of *L.P. Steuart* ).

When viewed against the background of the procedural history of this case, counsel's contention that the district court ignored the relevance of his severe family problems when it ruled against him, even if true, is insufficient to create a substantial danger that the judge's refusal to reconsider his March 1, 1993 ruling was fundamentally unjust. *See Daniels*, 887 F.2d at 788; *Pyramid Energy*, 869 F.2d at 1063. First, there is nothing in the record which would lend any support to counsel's claim that he himself was incapacitated for a period of months by family problems, and was thus prevented from advising the court of his inability to meet the second deadline for submitting the pretrial order. This conclusion is further bolstered by counsel's vague explanation as to why other attorneys whom he had asked to assist him had also failed to submit the pretrial order or to advise the court of the need for more time, and by counsel's representation that a severe case of laryngitis also impeded him from attending to the case. Although laryngitis may have prevented him from conferring with defense counsel concerning the preparation of the final pretrial order, it certainly did not affect his ability to file a timely written pleading advising the court of the status of the case. *Cf. Islamic Republic*, 739 F.2d at 465 (counsel was wholly incapacitated by illness, and hence unable to advise the court of his condition). As this court observed in *Harold Washington Party*, offering explanations for dilatory conduct "only after judgment had been granted [does] not demonstrate the diligence or extraordinary circumstances necessary to invoke Rule 60(b)." 984 F.2d at 880.

Dickerson's position that the dismissal of her case under Rule 41(b) was an abuse of discretion may not be without some arguable merit.[6] Yet that is of no moment. We are reviewing the district court's denial of Dickerson's second Rule 60(b) motion rather than her challenge to its invocation of Rule 41(b). So long as there were no extraordinary circumstances creating a substantial danger

---

**6.** It is undisputed that the district court gave Dickerson no prior warning of its intention to dismiss her case for lack of prosecution. At the time the district court dismissed Dickerson's case, we had not yet decided *Ball v. City of*

*Chicago*, 2 F.3d 752 (7th Cir.1993), which announced the requirement that a district court must provide an express warning to the plaintiff before dismissing a case pursuant to Rule 41(b). *See id.* at 755, 760.

that the district court's decision was unjust, not even an arguable abuse of discretion in applying Rule 41(b) vitiates the court's subsequent refusal to reconsider its denial of Dickerson's motion to vacate the dismissal. *See Harold Washington Party,* 984 F.2d at 880; *Daniels,* 887 F.2d at 790; *Tolliver,* 786 F.2d at 319; *see also Kagan,* 795 F.2d at 607–08. As discussed above, the reasons provided by counsel in support of his Rule 60(b) motion do not constitute the extraordinary circumstances contemplated by the rule.

## III.   CONCLUSION

Dickerson has not demonstrated that the district judge relied on impermissible factors or failed to consider any important relevant factor in denying her Rule 60(b) motion to reconsider its refusal to vacate the dismissal of her case for want of prosecution. The decision of the district court is therefore

AFFIRMED.