61 F.3d 907
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David WELLIVER, Jr., Plaintiff-Appellant,
v.
Dennis L. RICE, Sheriff of Montgomery County, Indiana, Candy
Woodall, William Woodall, William Nave, Richard
Shireman, Defendants-Appellees.
 No. 94-2623.
 United States Court of Appeals, Seventh Circuit.
 Argued June 13, 1995.
Decided July 10, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Appellant David Welliver brought an action pursuant to 42 U.S.C. Sec. 1983 against appellee law enforcement officers. Appellees moved for summary judgment or judgment on the pleadings. Welliver failed to respond to the motions for summary judgment, and the district court granted all the motions. Welliver moved for relief under Federal Rule of Civil Procedure 60(b)(1) claiming excusable neglect. The district court denied the motion, and Welliver appealed. We affirm.
 
 I. Facts
 
 2
 Welliver brought this action claiming appellees maliciously prosecuted him, harassed him, denied him access to his attorney, and generally attempted to undermine his defense.[1]
 
 
 3
 On August 2, 1993, appellees William Woodall and William Nave moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Welliver responded to this motion on August 17, 1993. On August 16, 1993, appellee Dennis Rice moved for summary judgment. On the same date appellees Candy Woodall and Richard Shireman also filed a summary judgment motion; however, they did not file all their required summary judgment pleadings until August 17, 1993.
 
 
 4
 On September 23, 1993, long after responses to the summary judgment motions were due under the local rules for the Southern District of Indiana,[2] Welliver moved to extend the time to respond, claiming the appellees had not filed all the necessary pleadings required for a motion for summary judgment under the local rules.[3] Welliver never responded to the motions for summary judgment. On February 4, 1994, the district court denied Welliver's motion for an extension of time to respond. On the same date, the court granted summary judgment to appellee Rice on the ground that Rice had not denied Welliver access to counsel. On February 8, 1994, the district court granted summary judgment to appellees Candy Woodall and Shireman on the basis of the statute of limitations and qualified immunity, and granted judgment on the pleadings to Woodall and Nave on the same grounds. Final judgment was entered in favor of all appellees on February 8, 1994.
 
 
 5
 On April 8, 1994, with new counsel, Welliver moved pursuant to Federal Rules of Civil Procedure 60(b)(1) for relief from the February 8, 1994 judgment on the grounds of excusable neglect and extraordinary circumstances.[4] The district court denied the motion, concluding that the time for filing responses had passed long before the motion to extend time was filed, and that the motion to extend time was meritless because the record unequivocally indicated all required documents had been filed.
 
 II. Analysis
 
 6
 Welliver makes two arguments on appeal. First, he argues that he could not have answered the motions for summary judgment because none of the appellees filed the required "Statement of Facts." Welliver asserts that it is impossible to respond to a summary judgment motion that does not include such a statement, and that his prior attorney reasonably believed no response was necessary until all required pleadings had been filed. Welliver maintains that this argument also applies to Woodall and Naves' motion for judgment on the pleadings because their motion included and referred to materials outside the pleadings and therefore must be considered a motion for summary judgment. Second, Welliver submits that his prior attorney's incapacitating illness excused the failure to respond, particularly in light of the fact that the prior attorney was a sole practitioner. Welliver believes he should not be penalized for his prior counsel's inaction.
 
 
 7
 Appellees respond that Welliver has presented no basis for Rule 60(b) relief. They maintain that all necessary pleadings were filed, and that prior counsel's alleged illness and negligent conduct are inadequate to justify relief.
 
 
 8
 Federal Rule of Civil Procedure 60(b) provides, in relevant portion:
 
 
 9
 (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.
 
 
 10
 On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken....
 
 
 11
 Relief under Rule 60(b) is an extraordinary remedy that is granted only in exceptional circumstances. Dickerson v. Board of Education of Ford Heights, Ill., 32 F.3d 1114, 1116 (7th Cir.1994). A district court's decision to grant or deny Rule 60(b) relief is entitled to great deference, and will be reversed only if the district court abused its considerable discretion. Jones v. Phipps, 39 F.3d 158, 162 (7th Cir.1994). A district court will be found to have abused its discretion only if no reasonable person could agree with the district court. Id.
 
 
 12
 To be entitled to Rule 60(b) relief, the appellant must show:
 
 
 13
 1. good cause for the default;
 
 
 14
 2. quick action to correct the default; and
 
 
 15
 3. the existence of a meritorious defense.
 
 
 16
 Jones, 39 F.3d at 162; Nelson v. City Colleges of Chicago, 962 F.2d 754, 755-56 (7th Cir.1992). "Inadvertence" and "excusable neglect" do not include the consequences of negligence or carelessness. Lomas and Nettleton Co. v. Wisely, 884 F.2d 965, 967 (7th Cir.1989). An attorney's failures, including those due to negligence and gross negligence, provide no basis for Rule 60(b) relief. Russell v. Delco Remy Division of General Motors, 51 F.3d 746, 749 (7th Cir.1995); Dickerson, 32 F.3d at 1118; United States v. 7108 West Grand Ave., Chicago, Illinois, 15 F.3d 632, 634 (7th Cir.1994), cert. denied, 114 S.Ct. 2691 (1994); Harold Washington Party v. Cook County, Illinois Democratic Party, 984 F.2d 875, 880 (7th Cir.1993), cert denied, 114 S.Ct. 86 (1993). Further, it is an abuse of discretion to grant relief based on counsel's negligence. Lomas, 884 F.2d at 967. The client is bound by his attorney's actions. 7108 West Grand Avenue, 15 F.3d at 634; Nelson, 962 F.2d at 756.
 
 
 17
 Welliver has not established good cause. A review of the record indicates that Welliver's contentions regarding the missing pleadings are specious. Contrary to Welliver's statement, the local rules do not require the "Statement of Facts" to be a separate pleading; it can be incorporated into the main brief or be made an appendix thereof. Appellee Rice's "Statement of Facts" is in the body of his main brief.[5] The "Statement of Facts" for Candy Woodall and Shireman's motion for summary judgment was attached as an appendix to their main brief, which was filed on August 17, 1993. In his opening brief, Welliver concedes he received the briefs for these motions. That acknowledgement necessarily indicates he did in fact receive the respective "Statements of Facts."
 
 
 18
 The only explanation for the failure to locate the "missing" pleadings would be counsel's failure to examine them. Further, if pages were missing, counsel would be duty-bound to take far more active steps in response, such as calling opposing counsel to obtain an additional copy or examining the district court record. The sole cause of the default was counsel's inaction.
 
 
 19
 Welliver further argues that Woodall and Nave's motion for judgment on the pleadings should have been converted to a motion for summary judgment, and that they failed to serve him with a copy of their brief. A review of the record indicates that Woodall and Nave did not attach exhibits or refer to materials outside the pleadings. Thus converting their motion to a motion for summary judgment was unnecessary. Further, Welliver's response to the motion made no reference to any "missing" briefs. Welliver did not default on this motion; he lost on the merits.
 
 
 20
 Welliver's argument regarding prior counsel's illness is similarly unavailing. Welliver maintains that his counsel was incapacitated from October 2, 1993 to January 17, 1994, and that the illness was especially devastating because counsel was a sole practitioner. However, the only evidence in the record regarding counsel's illness was a physician's letter indicating counsel could only work part time during the month of October 1993.
 
 
 21
 An attorney's severe illness may lead to a proper finding of excusable neglect. See Dickerson, 32 F.3d at 1118. A relatively brief illness that was not incapacitating, however, will not be sufficient to justify a failure to prosecute a case. Id. Prior counsel's illness was apparently brief. Further, it did not incapacitate him; he could still work part time. Most significantly, however, the time of the illness was well after the time Welliver's responses were due.[6] That an attorney is a sole practitioner busy with other matters, even if such pressures result in a breakdown of his internal office procedures, is inadequate to justify Rule 60 relief. See Lomas, 884 F.2d at 967-68.
 
 
 22
 No legally sufficient justification has been presented for Welliver's failure to respond to the appellees' motions. As noted by the district court, the motion for an extension of time came well after the responses were due.[7] The district court clearly had the authority to enforce its local rules strictly, even where a default results. See generally Waldridge v. American Hoechst Corp., 24 F.3d 918 (7th Cir.1994). Because Welliver has failed to show good cause, relief is not warranted. See generally Harold Washington, 984 F.2d at 880 (waiting four months to argue the merits and offering a response only after judgment has been granted does not demonstrate the diligence and extraordinary circumstances necessary for Rule 60(b) relief).
 
 
 23
 Given Welliver's failure to establish good cause, a discussion of the other factors is unnecessary.
 
 
 24
 Some of the appellees have requested that we award sanctions on the ground that the appeal is frivolous. The request was renewed at oral argument. The appellant is given 15 days from the date of this order to respond to this request and to inform the court as to why all the appellees ought not be awarded reasonable costs and attorneys' fees.
 
 III. Conclusion
 
 25
 Welliver has presented no cognizable basis for Rule 60 relief. The district court is AFFIRMED.
 
 
 26
 AFFIRMED.
 
 
 
 [1]
 Welliver was charged with murder in connection with the drowning deaths of two canoeists. The charges were ultimately dismissed without prejudice; therefore there is no bar to the action under Heck v. Humphrey, 114 S.Ct. 2364 (1994)
 
 
 [2]
 Local Rule 7.1 provides, in relevant portion:
 (a) A motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure, for summary judgment, for judgment on the pleadings, for more definite statement, to strike, or motions made pursuant to Rule 37 of the Federal Rules of Civil Procedure shall be accompanied by a separate supporting brief. Unless the Court otherwise directs, an adverse party shall have fifteen (15) days after service of the initial brief in which to serve and file an answer brief, and the moving party shall have seven (7) days after service of the answer brief in which to serve and file a reply brief....
 
 
 [3]
 Local Rule 56.1 provides, in relevant portion:
 In the text of the supporting brief or an appendix thereto, filed in support of a motion for summary judgment pursuant to Local Rule 7.1, there shall be a "Statement of Material Facts," supported by appropriate citations to discovery responses, depositions, affidavits, and other admissible evidence, as to which the moving party contends there is no genuine issue. In addition, as separate documents, the moving party shall file proposed findings of undisputed fact and conclusions of law, and a proposed summary judgment. Any party opposing the motion shall, within fifteen (15) days from the date such motion is served upon it, serve and file any affidavits or other documentary material controverting the movant's position, together with an answer brief that shall include in its text or appendix thereto a "Statement of Genuine Issues" setting forth, with appropriate citations to discovery responses, affidavits, depositions, or other admissible evidence, all material facts as to which it is contended there exists a genuine issue necessary to be litigated.
 
 
 [4]
 Welliver raised the following arguments in his motion:
 --that prior counsel never received a copy of Candy Woodall and Shireman's proposed findings of fact and conclusions of law;
 --that prior counsel had filed a motion to extend time to respond on the grounds of appellees' failure to comply with Local Rule 56.1;
 --that prior counsel had no time to respond, given judgment was granted within days of the denial of the motion to extend time to respond; and
 --that prior counsel, a sole practitioner, was incapacitated by illness from October 2, 1993 to January 19, 1994, and unable to meet the deadlines.
 
 
 [5]
 Welliver argues for the first time on appeal that he did not receive the form judgment that was to be filed with Rice's motion. While Welliver's pleadings before the district court were somewhat vague as to what pleadings were missing, this argument appears waived for failure to present it to the district court. See Kappos v. Hanks, No. 92-3844, slip op. at 4 (7th Cir. May 2, 1995). Further, the absence of a form of judgment would have in no way prevented Welliver from responding to Rice's motion
 
 
 [6]
 Welliver seems to indicate that his counsel was ill earlier, by pointing to the district court's order rescheduling pretrial conferences and resetting the trial date. The record reflects, however, that the rescheduling was on the court's own motion. Further, counsel's alleged illness was not mentioned in the September 23, 1993 motion for an extension of time
 
 
 [7]
 Oral argument was conducted by appellant's former counsel, at the request of Welliver and current counsel, and he argued that the default was inappropriate because he filed a motion to extend time on August 18, 1993, the day after the appellees' motions were filed. We cannot accept this argument for several reasons. First, the only motion to extend time mentioned by the appellant in his brief to this court was the motion of September 23, 1993. Because no argument regarding any earlier motion was presented in the opening brief, the argument cannot be considered. The only motion filed on August 17, 1993, but not included in the appellate record, was a motion that requested the district court to reconsider its order staying discovery. We do not believe that the mere filing of such a motion for reconsideration of a stay of discovery can reasonably be considered as extending the time to respond to the motion for summary judgment