Lisa NARWICK, f/k/a Bratcher, and Robert Grigus, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Norman P. WEXLER and Mitchell H. Wexler, d/b/a Wexler & Wexler, Defendants.

No. 94 C 6572.

United States District Court, N.D. Illinois, Eastern Division.

Nov. 16, 1995.

Eugene A. Propp, David Victor Schultz, Vera Kaye, Propp & Schultz, Chicago, IL, for plaintiffs.

Maurice J. McCarthy, Michael S. Loeffler, Theodore David Ackerman, Andrew S. Nadolna, Querrey & Harrow, Ltd., Chicago, IL, for defendants.

### MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge:

Plaintiffs Lisa Narwick and Robert Grigus bring this action against Defendants Norman Wexler and Mitchell Wexler, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692o. On August 24, 1995, we denied the plaintiffs' motion for class certification, and denied in part and

granted in part the defendants' motion for summary judgment. Presently before this court is the plaintiffs' motion, pursuant to Federal Rule of Civil Procedure 60(b), for relief from our denial of class certification. In addition, the defendants move under Rule 23(d)(4) for an order requiring that the class allegations be eliminated from the complaint. For the reasons set forth below, we deny the plaintiffs' motion for relief, and grant the defendants' motion to remove class allegations.

## I. Rule 60(b) Motion

In the opinion and order denying class certification, we held that the plaintiffs had failed to show that the class met the numerosity prerequisite of Rule 23(a)(1). We also rejected the plaintiffs' proffered justification for failing to prove the class size, namely, that we had stayed discovery and thereby prevented the plaintiffs from gathering the relevant information. We explained that, according to the express terms of the order staying discovery, discovery was stayed only from January 13, 1995, to March 24, 1995. Slip op. at 6. Accordingly, the plaintiffs had over four months in which to discover information in support of the numerosity prerequisite. *Id.* We also emphasized that the plaintiffs

> acknowledged that the discovery stay was no longer in effect in their motion for class certification, which was filed on April 28, 1995, but stated that they had not received responses to their discovery requests from defendant. However, they never filed a motion to compel, nor have they indicated to this court that they have made any informal effort to obtain the responses. In short, notwithstanding forewarning that this issue would arise and ample time to collect the information needed to effectively respond, plaintiffs have chosen to place their full reliance on the Schultz affidavit. Under these circumstances, we decline plaintiffs' implicit request to further delay ruling on the pending motions, so that they may prepare another bite at the proverbial apple.

*Id.* at 6–7.

In their Rule 60(b) motion, the plaintiffs contend that they did *not* know that the discovery stay was no longer in effect after March 24, 1995. The plaintiffs point out that the discovery stay was ordered in conjunction with a briefing schedule on the defendants' motion for summary judgment; according to the plaintiffs, they believed that the discovery stay would elapse when this court ruled on the summary judgment motion. Pls.' 60(b) Mot. at 3. To prove that they held this belief, the plaintiffs highlight, from their reply brief in support of the motion for class certification, language to the effect that the plaintiffs had been hampered in gathering relevant information because of the discovery stay. Pls.' 60(b) Motion at 4 (quoting Pls.' Reply Br. at 3–4). The plaintiffs conclude that they thus failed to prove numerosity due to "mistake, inadvertence, ... or excusable neglect," Fed.R.Civ.P. 60(b)(1).

■ Rule 60(b)(1) provides that "the court may relieve a party ... from a[n] ... order ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." [1] In evaluating a motion for relief under Rule 60(b)(1), we reiterate the " 'well-established' " rule that " 'Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.' " *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir.1994) (quoting *Harold Washington Party v. Cook County, Ill. Democratic Party*, 984 F.2d 875, 879 (7th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 86, 114 S.Ct. 86, 126 L.Ed.2d 54 (1993)) (internal quotation omitted).

■ We deny the plaintiffs' motion for relief. First, we find incredulous the plaintiffs' assertion that they did not know the discovery stay ended on March 24, 1995. Initially, we point out that the order granting the discovery stay expressly stated, "Discovery is stayed until March 24, 1995." R. 18 (Minute Order of January 13, 1995). Furthermore, on March 29, just a few days after the expiration of the discovery stay, we directed the plaintiffs to file a motion for class certification, R. 41 (Minute Order of March 29, 1995); discovery was, of course, then available to them for use in preparing their class certification motion.

---

1. The plaintiffs do not contend that "surprise"　　justifies relief in the instant case.

Finally, regardless of the belated language in the plaintiffs' *reply* brief expressing that they believed the discovery stay was still in effect, the plaintiffs' *opening* brief expressed the contrary belief: "Plaintiffs have propounded discovery to determine the exact number of class members. [This discovery was stayed by order of this court January 13, 1995, *until March 24, 1995* and has not, as of April 28, 1995, been answered by defendants.]" Pls.' Mot. for Class Cert. at 5 (brackets in original) (emphasis added). This reference to the defendants' purported failure to respond to discovery expressly states that the discovery stay expired on March 24, and the plaintiffs' complaint that the defendants had failed to provide discovery would be nonsensical if the plaintiffs actually believed that the discovery stay remained in effect beyond March 24. Accordingly, we hold that the plaintiffs have not shown that their failure to prove numerosity was due to mistake, inadvertence, or excusable neglect.

Furthermore, even if the plaintiffs actually believed that the discovery stay remained in effect after March 24, they had sufficient time to move this court to lift the stay in order to prepare their motion for class certification. On March 29, we directed the plaintiffs to file the class certification motion by April 28; accordingly, if the plaintiffs actually believed that the stay remained in effect, and if the plaintiffs believed that they required discovery on the numerosity prerequisite, the plaintiffs had a month in which to move this court to lift the stay. Thus, even if the plaintiffs mistakenly believed that the stay remained in effect, they cannot now invoke an "extraordinary remedy" in light of their inexplicable failure to move to lift the purported stay. We deny the Rule 60(b) motion.

## II. Rule 23(d)(4) Motion

In pertinent part, Rule 23(d) provides:

In the conduct of actions to which this rule applies, the court may make appropriate orders: ... (4) requiring that the pleadings be amended to eliminate therefrom allegations as to representation of absent persons, and that the action proceed accordingly....

Fed.R.Civ.P. 23(d)(4). The Advisory Committee Notes to Rule 23 explain that "[a] negative determination [as to class certification] means that the action should be stripped of its character as a class action." In light of the denial of class certification, we order and deem that the complaint be amended to eliminate the class allegations contained in paragraphs 21–26, the prayer for judgment, and other allegations relating to the proposed class.[2]

## III. Conclusion

For the reasons set forth above, we deny the plaintiffs' motion for relief under Rule 60(b), and we grant the defendants' motion to eliminate class allegations under Rule 23(d)(4). It is so ordered.

---

**2.** The defendants also move to eliminate any allegations as to Robert Grigus, the plaintiff against which we entered summary judgment in the August 24, 1995 order. Rule 23(d)(4) does not expressly pertain to eliminations of this type, and we discern no reason to enter a purely formal order—summary judgment has already been entered against Grigus, and that entry means the same in this case as it does in any other.