107 F.3d 873
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John RODRIGUEZ, Plaintiff-Appellant,
v.
William QUINN, National President, National Postal Mail
Handlers Union, & National Postal Mail Handlers
Union, Defendants-Appellees.
 No. 95-3666.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 6, 1997.*
Decided Feb. 10, 1997.
 
 Before POSNER, Chief Judge, and KANNE and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 John Rodriguez sued the National Postal Mail Handlers Union ("Union") for discriminating against him on the basis of his national origin. The district court dismissed the suit with prejudice for want of prosecution. Over three months later, Rodriguez sought leave to reinstate his suit. The district court, correctly construing this as a motion for relief from judgment under Fed.R.Civ.P. 60(b), denied the motion. We affirm.
 
 
 2
 Rodriguez filed a complaint with the Equal Opportunity Office of the United States Postal Service, charging the Union with discriminating against him because he was Puerto Rican. The agency dismissed the complaint as untimely filed. A subsequent appeal[1] to the Equal Employment Opportunity Commission was also dismissed as untimely. Rodriguez then filed suit in federal district court, which appointed counsel to represent him. The court granted Rodriguez three extensions of the deadline for discovery. While a fourth motion to extend discovery was pending, defendants filed a motion for summary judgment. Rodriguez, despite two extensions of the time in which to respond, never answered defendants' motion. On March 29, 1995, plaintiff's appointed counsel, contending that Rodriguez refused to cooperate, sought and received permission to withdraw from the case. The court ordered Rodriguez to appear on April 21, 1995, and warned him the case might be dismissed if he did not do so. Rodriguez acknowledged receipt of the court's order, but failed to appear at the scheduled time. Accordingly, the district court dismissed the suit for want of prosecution, with permission to reinstate within the ten days allowed by Fed.R.Civ.P. 59. When Rodriguez failed to respond, the court dismissed the case with prejudice on May 12, 1995. On August 29, Rodriguez sought leave to reinstate his claim. Following oral argument, the district court ruled that Rodriguez had presented no facts or arguments which warranted relief under Fed.R.Civ.P. 60(b). Rodriguez appeals.
 
 
 3
 The sole issue before us is whether the district court abused its discretion in refusing to grant Rodriguez relief from judgment under Rule 60(b). Dickerson v. Board of Educ. of Ford Heights, Illinois, 32 F.3d 1114, 1116 (7th Cir.1994). "Relief under Rule 60(b) from a dismissal for lack of prosecution is thus warranted only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." Id. (internal quotation omitted). We will reverse a denial of relief under Rule 60(b) "only if we conclude that no reasonable person could agree with the district court's determination." Provident Sav. Bank v. Popovich, 71 F.3d 696, 698 (7th Cir.1995).
 
 
 4
 On appeal, Rodriguez never addresses Judge Holderman's decision to dismiss his case for lack of prosecution. Rather, he devotes his entire appellate brief to the merits of the underlying discrimination case.[2] Because the time to appeal from the dismissal of the underlying case has passed, we lack jurisdiction to consider any substantive appeal of Rodriguez' claim. See Browder v. Director, Dep't of Corrections of Illinois, 434 U.S. 257, 263 n. 7 (1987); Lee v. Village of River Forest, 936 F.2d 976, 979 (7th Cir.1991). Moreover, it is apparent from the record that Rodriguez demonstrated a clear pattern of dilatory behavior from the inception of this lawsuit up to and including the filing of his appellate brief. "[D]istrict courts possess inherent authority to dismiss a case sua sponte for a plaintiff's failure to prosecute," including failure to meet court-imposed deadlines. GCIU Employer Retirement Fund v. Chicago Tribune Co., 8 F.3d 1195, 1199 (7th Cir.1993). Because Rodriguez failed to present evidence justifying his consistent tardiness, we conclude that Judge Holderman did not abuse his discretion in denying Rodriguez relief under Rule 60(b).
 
 
 5
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Therefore, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The Code of Federal Regulations permits the appeal of all final agency decisions, including dismissals. 29 C.F.R. § 1614.401(a). The Postal Service decision dismissing Rodriguez' complaint as untimely, though not citing the specific regulation, gave him notice of his right either to appeal to the EEOC, or to file a civil action
 
 
 [2]
 Rodriguez addresses the district court's ruling only in his reply brief. However, by raising the issue for the first time in his reply brief, he has waived it. See United States v. Sertich, 95 F.3d 520, 526-27 (7th Cir.1996), petition for cert. filed, 65 USLW 3433 (Dec. 3, 1996). And even if he had not, the gravamen of Rodriguez' argument is that the court had the authority to let him proceed with the case if it chose to do so. But that is what discretion means, and Rodriguez had not shown that the court abused that discretion by refusing to grant relief from judgment