**Ruth HAYES, Plaintiff,**

v.

**The UNITED STATES DEPARTMENT OF TRANSPORTATION and The Federal Aviation Administration, Defendants.**

**No. IP 93–705–C–B/S.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

June 16, 1995.

Jacob A. Atanga, Ruth M. Hayes, Indianapolis, IN, for plaintiff.

Jeffrey L. Hunter, Asst. U.S. Atty., Indianapolis, IN, for defendants.

## ENTRY

BARKER, Chief Judge.

This case is before the Court on Plaintiff's motion to reopen the case, deemed a request for relief from judgment. For the reasons stated below, Plaintiff's motion is denied.

## I. Background

The allegations in this case center around Plaintiff's alleged mistreatment in her job as an Air Traffic Assistant and in her attempts to be promoted to the position of Air Traffic Controller. Most of the alleged misconduct took place in 1987.

On May 28, 1993, Plaintiff filed the Complaint in the instant case. On August 30, 1993, this Court ordered Plaintiff to show cause why this case should not be dismissed for Plaintiff's failure to perfect service on the Defendants. On September 24, 1993, Plaintiff filed the acknowledgement of service of

the Complaint. On November 23, 1993, almost six months after this litigation began, Defendants timely filed their Answer.

Defendants then sought discovery from Plaintiff. On December 9, 1993, Defendants served a Request for Production and Defendants' First Set of Interrogatories on Plaintiff. In the subsequent months, Defendants sent letters (dated January 25, 1994, February 28, 1994, and March 31, 1994) to Plaintiff requesting the discovery responses. Defendants also requested the responses once in person and once via an answering machine message. On April 19, 1994, Defendants filed a motion to compel the discovery responses. Plaintiff did not respond to Defendants' motion and on May 20, 1994, the motion was granted. Even at the conclusion of the first year of this case and despite the Court's order to provide discovery, Plaintiff still had not responded to Defendants' discovery requests. On August 18, 1994, Defendants filed a motion for discovery sanctions, seeking the production of the discovery. Finally, on September 20, 1994, Plaintiff provided Defendants with the requested discovery.

On August 30, 1994, Defendants filed their motion to dismiss or in the alternative for summary judgment. On November 30, 1994, having yet to respond to Defendants' motion, Plaintiff failed to appear for a scheduled pretrial conference ("PTC") before the Magistrate Judge. The PTC was rescheduled to January 10, 1995. At the rescheduled PTC, Plaintiff again failed to appear. On January 10, 1995, Plaintiff was ordered to show cause by January 31, 1995, why the cause should not be dismissed for want of prosecution. On February 3, 1995, the Court having not received either Plaintiff's response to Defendants' motion to dismiss (or for summary judgment) or Plaintiff's attempt to show cause, this case was ordered dismissed, pursuant to Fed.R.Civ.P. 41(b), for failure to prosecute.

By letter dated March 30, 1995, the Plaintiff herself asked the Court to reopen her case and allow her to represent herself. This Court, in an April 14, 1995, Order, construed Plaintiff's letter as a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b), set forth the standard for prevailing on such a motion, and established a deadline for Plaintiff to attempt to make such a showing. The Court gave Plaintiff a starting point for her response: "[t]o even *begin* to make such a showing in the present case the plaintiff must at a minimum supply a response to the defendants' motion filed August 30, 1994." April 14, 1995, Order, at 2. Plaintiff's motion for relief from judgment was taken under advisement until further order. On April 19, 1995, Plaintiff's counsel in this matter, Jacob Atanga, filed a motion to reopen, setting forth his explanations for what may only be described as his dilatory conduct in representing his client throughout this case.[1] On April 27, 1995, Plaintiff herself (i.e., *not* by counsel) filed her response to Defendants' motion to dismiss or for summary judgment.

## II. Discussion

 Rule 60(b) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud[,] ... misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b). Relief from judgment under Rule 60(b) may be granted at the

---

[1]. This letter was filed one day after Plaintiff left Atanga a phone message and sent him a letter reflecting her discontent and exasperation with his representation in this matter, and terminating him. *See* Order dated June 15, 1995. Although Plaintiff has requested to represent herself in this matter, Atanga's appearance has not been withdrawn. Plaintiff is not the first person to have difficulties with Atanga. *See Matter of Atanga*, 636 N.E.2d 1253 (Ind.1994) (suspending Atanga from practice of law for thirty days beginning August 1, 1994).

broad discretion of the trial judge. *Del Carmen v. Emerson Elec. Co.*, 908 F.2d 158, 161 (7th Cir.), *reh'g denied* (1990) (citations omitted). However, Rule 60(b) relief "is warranted only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Id.* (quoting *3 Penny Theater Corp. v. Plitt Theatres, Inc.*, 812 F.2d 337, 340 (7th Cir.1987)) (internal quotation marks omitted). "Rule 60(b) relief ... is granted only in extraordinary circumstances." *Dickerson v. Bd. of Education*, 32 F.3d 1114, 1116 (7th Cir.1994) (citations omitted).

Plaintiff's grounds for relief center entirely on the apparent incompetence of her attorney. Plaintiff claims that Atanga did not include all of the relevant facts in the Complaint and failed in other ways to utilize the information she had supplied to him about her case.

 Unless there is a clear record of dilatory conduct on the part of the attorney, dismissal is too stiff a penalty for failure to prosecute and may be properly corrected in response to a Rule 60(b) motion. *Del Carmen*, 908 F.2d at 163. However, a Rule 60(b) motion is not the proper way to remedy problems caused by attorney negligence or incompetence: "counsel's negligence, whether gross or otherwise is never a ground for Rule 60(b) relief." *Dickerson*, 32 F.3d at 1118 (citations omitted). "Under such circumstances, a litigant's appropriate remedy is a suit against his [or her] attorney for malpractice." *United States v. Indoor Cultivation Equipment*, 55 F.3d 1311, 1318 (7th Cir.1995) (citing *Johnson v. Gudmundsson*, 35 F.3d 1104, 1117 (7th Cir.1994)). Even family or health problems which would otherwise be deserving of special leeway from the court do not merit such consideration after dismissal has been entered; "offering explanations for dilatory conduct only after judgment ha[s] been granted does not demonstrate the diligence or extraordinary circumstances necessary to invoke Rule 60(b)." *Dickerson*, 32 F.3d at 1118 (quoting *Harold Washington Party v. Cook County, Illinois, Democratic Party*, 984 F.2d 875, 880 (7th Cir.), *cert. denied*, — U.S. —, 114 S.Ct. 86, 126 L.Ed.2d 54 (1993)) (internal quotation marks omitted).

 Atanga's conduct in this case is sufficiently dilatory that dismissal for failure to prosecute was most definitely warranted. To grant a Rule 60(b) motion in light of Atanga's performance would be to allow the use of such a motion to remedy problems caused by attorney negligence. This is clearly proscribed by the Seventh Circuit and, thus, this Court's options are accordingly limited. Therefore, on this basis alone, Plaintiff's motion must be denied.

 Even if Plaintiff's motion were not doomed for the reasons stated above, she would still have some other problems. If her claims are not shown to be meritorious, she is not entitled to prevail on a Rule 60(b) motion. *See Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir.1995); *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 185 (7th Cir.1982). At least some of Plaintiff's claims do not appear to be meritorious. For example, Plaintiff has not demonstrated any means by which the Civil Rights Act of 1991 would apply to her claims, which all appear to be based on acts which took place prior to its effective date. *See Landgraf v. USI Film Products*, — U.S. —, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). Also, as Plaintiff did not include any claim of sex discrimination in her EEOC charge, she is precluded from including such a claim as a basis for her Title VII action. *See Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir.1994). Of course, this Court's assessment of the merits of Plaintiff's case is necessarily affected by the fact that Plaintiff responded to Defendants' motion to dismiss without the assistance of counsel. Perhaps an able attorney could discern certain facts and present them to the Court in a fashion which would modify this Court's assessment of the merit of various claims in Plaintiff's lawsuit.

III. Conclusion

For the reasons stated above, Plaintiff's motion to reopen, deemed a motion for relief from judgment, is denied.

It is so ORDERED.