**AMAX POTASH CORPORATION,
Plaintiff–Appellant,**

v.

**TRANS–RESOURCES, INC.,
Defendant–Appellee.**

No. 90CA0763.

Colorado Court of Appeals,
Div. III.

July 5, 1991.

Rehearing Denied Aug. 15, 1991.

Rothgerber, Appel, Powers & Johnson, Frederick J. Baumann, Melissa A. Muilenburg, Denver, Paul, Weiss, Rifkind, Wharton & Garrison, Jay Topkis, Gary Stein, Leslie Gordon Fagen, Gail Heatherly, New York City, for plaintiff-appellant.

Rubin Baum Levin Constant & Friedman, Stephen A. Marshall, Paul H. Aloe, New York City, Cohen Brame & Smith, P.C., Jeffrey C. Pond, Denver, for defendant-appellee.

Opinion by Judge TURSI.

Plaintiff, AMAX Potash Corporation, a Delaware corporation with its principal place of business in Denver, Colorado, appeals from the judgment dismissing its complaint against defendant, Trans–Resources, Inc., a Delaware corporation with its principal place of business in New York, New York, for lack of personal jurisdiction. We affirm.

The complaint alleged that defendant had tortiously induced Ideal Basic Industries, Inc., to breach an agreement with plaintiff to lease a potash mine in Carlsbad, New Mexico, which mine was involved in a Texas bankruptcy proceeding. Defendant was served with a copy of the summons and complaint at its principal offices in New York City.

Defendant filed a motion to quash the summons and dismiss the complaint for lack of personal jurisdiction. After a hearing, the trial court granted the motion and dismissed plaintiff's claim against defendant. The order of dismissal was certified to be a final judgment pursuant to C.R.C.P. 54(b).

Plaintiff contends that the trial court erred in determining that defendant had not committed a tortious act in Colorado within the meaning of the long-arm statute, § 13–1–124(1)(b), C.R.S. (1987 Repl.Vol. 6A). Rather than arguing that defendant's activities within Colorado were sufficient to confer jurisdiction, plaintiff argues that its loss of anticipated profits constituted a tortious injury in this state where its headquarters were located. We disagree.

The long-arm statute provides that by the commission of a tortious act within Colorado a person submits to the jurisdiction of the Colorado courts concerning any cause of action arising from that act. Section 13–1–124(1)(b), C.R.S. (1987 Repl.Vol. 6A). Our supreme court has construed this subsection to mean that an entity whose allegedly tortious conduct in another state causes injury in Colorado has committed a tortious act within Colorado for purposes of the long-arm statute. *McAvoy v. District Court,* 757 P.2d 633 (Colo.1988).

Thus, jurisdiction pursuant to § 13–1–124(1)(b) may not be exercised over a nonresident defendant for tortious conduct outside the state unless the injury itself occurred in Colorado. *McAvoy v. District Court, supra; Shon v. District Court,* 199 Colo. 90, 605 P.2d 472 (1980).

Further, the injury in the forum state must be direct, not consequential or remote, and loss of profits in the state of plaintiff's domicile is insufficient to sustain long-arm jurisdiction over a nonresident defendant. *See Leeco Steel Products, Inc. v. Ferrostaal Metals Corp.,* 698 F.Supp. 724 (N.D.Ill.1988); *Lawrence Wisser & Co., Inc. v. Slender You, Inc.,* 695 F.Supp. 1560 (S.D.N.Y.1988); *Greene v. Sha–Na–Na,* 637 F.Supp. 591 (D.Conn.1986).

Hence, when both the tortious conduct and the injury occur in another state, the fact that plaintiff resides in Colorado and experiences some economic consequences here is insufficient to confer jurisdiction on a Colorado court. *See McAvoy v. District Court, supra; Shon v. District Court, supra.*

Here, the trial court determined that plaintiff's alleged injury, namely the loss of anticipated profits from the operation of the New Mexico mine, was indirect and remote and resulted in derivative economic injury to plaintiff in Colorado only because of the fortuitous circumstance that plaintiff maintained its headquarters here. Accordingly, we conclude that, under the facts presented, the trial court properly determined that plaintiff had failed to make a prima facie showing of jurisdiction over the nonresident defendant for purposes of the long-arm statute. *See* § 13–1–124(1)(b), C.R.S. (1987 Repl.Vol. 6A); *McAvoy v. District Court, supra.*

Inasmuch as we have concluded that long-arm jurisdiction is lacking, we need not address the remaining contention of error.

Judgment affirmed.

CRISWELL and PLANK, JJ., concur.