**Samuel H. YOUNG, Executor of the Estate of John F. Wellman, Deceased, Plaintiff,**

v.

**Patrick MURPHY, et al., Defendants.**

No. 92–C–5494.

United States District Court, N.D. Illinois, Eastern Division.

April 6, 1995.

Samuel Joseph Betar, III, Arnold & Kadjan, Chicago, IL, Samuel H. Young, Samuel H. Young Professional Corp., Lincolnwood, IL, for plaintiff.

Terry L. McDonald, Nancy M. Black, Cook County State's Atty., Randolph Mitchell Johnston, Asst. State's Attorney's Office, Chicago, IL, for Patrick T. Murphy and Thomas L. Cowlin.

Norman John Barry, Jr., Lorrie A. Vick, Baker & McKenzie, Chicago, IL, for Mark A. Amdur.

Paula J. Giroux, Mary Ellen Coghlan, Ill. Atty. General's Office, John A. Simon, Gard-

---

ner, Carton & Douglas, Chicago, IL, for Joseph Ponsetto and Timothy Reynolds.

## MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

■ On December 27, 1994, this Court entered a Memorandum Opinion and Order directing the Plaintiff to respond to a single issue identified by the Court. This issue, now known to the parties as the "due process issue," is whether Mr. Wellman received *reasonable notice* of the May 8, 1990, hearing (at which the Petition to Appoint a Public Guardian for him would be heard) and an *opportunity* to be heard during that proceeding. *Mullane v. Central Hanover Bank & Trust Company,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

In the now converted motion for summary judgment, the defendants attach a summons and a copy of the Petition to Appoint a Public Guardian ("Petition"), which were personally served upon Mr. Wellman prior to the May 8, 1990, hearing ("hearing"). *See* Defendants' Reply Exhibits B and C. In addition, defendants previously attached a state court order which held that this summons, together with contact by Guardian Ad Litem, Sandra Thiel, on two occasions prior to the hearing, was sufficient notice both to Mr. Wellman and to the plaintiff (Mr. Young), under *state* law (i.e., the Power of Attorney Act and the Durable Power of Attorney).

1. In *Mullane,* the Court wrote,
   An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.
   *Id.* at 314, 70 S.Ct. at 657. Under Illinois law, the term "interested party" is defined within the context of the particular judicial action. Upon the filing of a Petition for Guardianship of an alleged disabled adult, the State of Illinois must serve the following persons by mail:
   (1) The spouse and adult children, if any; if none,
   (2) The parents and adult brothers and sisters, if any; if none,
   (3) The nearest adult kindred known to the Petitioner.
   *See* 755 ILCS §§ 11a–8, 11a–10(f). Moreover, the opportunity to be heard is strengthened by

The issue for this Court on summary judgment is whether the summons, together with a copy of the Petition, is a sufficient evidentiary basis for this Court to conclude that Mr. Wellman was afforded federal due process. There is now no dispute that this summons and a copy of the Petition were personally served. (Ex. B & C of Def. Reply). We believe that this summons is sufficient evidence from which to conclude that Mr. Wellman was given reasonable notice of the hearing. This notice, in turn, gave Mr. Wellman an opportunity to be heard. *Mullane v. Central Hanover Bank & Trust Company,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).[1]

■ It is also undisputed that Mr. Wellman did not have a known living spouse, adult child(ren), parents, adult brother(s) or sister(s), or any adult kindred, and that a Guardian Ad Litem attempted to inform Mr. Wellman of his due process rights prior to the hearing. These facts provide a sufficient evidentiary basis for the Court to find that Mr. Wellman was afforded federal due process.[2] As Mr. Wellman's attorney, Mr. Young was not entitled to notice, and therefore cannot litigate this claim any further.

## CONCLUSION

The Clerk of the Court is directed to enter summary judgment in favor of the defendants on the remaining due process issue (Third Am.Cmplt. ¶¶ 52, 53). Accordingly,

the State's rule that a Guardian Ad Litem will be appointed to personally observe the Respondent prior to a hearing on guardianship and to inform the Respondent orally and in writing of the contents of the Petition for Guardianship and of the Respondent's rights pursuant to 755 ILCS 5/11a–1 *et seq.* The facts indicate that his requirement was met in Mr. Wellman's case.

2. The fact that Dr. Amdur was not available for cross-examination at the May 8, 1990 hearing, to testify concerning the basis for his opinion in the Physician's Report, does not change this result. As indicated by defendants, under state law Dr. Amdur was only required to submit a report with the copy of the Petition. 755 ILCS § 5/11a–9. Moreover, the person who prepares the Physician's report need only testify "for good cause shown." 755 ILCS § 5/11a–11. There is no indication in the facts that this showing was attempted or made in this case.

this Court also directs the Clerk to enter summary judgment in favor of the defendants on the issue of qualified immunity with respect to this claim. This case is terminated, and this order constitutes a final order pursuant to Fed.R.Civ.P. 58. Each party is to bear their own costs.