**Samuel H. YOUNG, Executor of the Estate of John F. Wellman, Deceased, Plaintiff,**

**v.**

**Patrick MURPHY, et al., Defendants.**

**No. 92–C–5494.**

United States District Court, N.D. Illinois, Eastern Division.

April 7, 1995.

Samuel Joseph Betar, III, Arnold & Kadjan, Chicago, IL, Samuel H. Young, Samuel H. Young Professional, Corp., Lincolnwood, IL, for Samuel H. Young.

Terry L. McDonald, Nancy M. Black, Cook County State's Atty., Chicago, IL, Randolph

Mitchell Johnston, Asst. State's Attorney's Office, for Patrick T. Murphy, Thomas L. Cowlin.

Norman John Barry, Jr., Lorrie A. Vick, Baker & McKenzie, Chicago, IL, for Mark A. Amdur.

Paula J. Giroux, Mary Ellen Coghlan, Illinois Atty. General's Office, Chicago, IL, John A. Simon, Gardner, Carton & Douglas, Chicago, IL, for Joseph Ponsetto, Timothy Reynolds.

## MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

On December 27, 1994, this Court entered a Memorandum Opinion and Order granting summary judgment in favor of defendants on all issues raised in the plaintiffs' Third Amended Complaint except one: the issue of due process and defendants' entitlement to qualified immunity with respect to that issue. On April 6, 1995, the Court resolved that issue, granting summary judgment in favor of the defendants and terminating this case. Although not mentioned in the April 6, 1995, Memorandum Opinion, 883 F.Supp. 256, plaintiffs' Motions to Reconsider the December 27, 1994, Memorandum Opinion are denied.

■■■ Federal Rule of Civil Procedure ("Rule") 54(b) states:

any order ... which adjudicates fewer than all of the claims ... shall not terminate the action as to any of the claims ... and the order ... is subject to revision at any time before the entry of judgment....

Rule 54(b) is the proper vehicle for a motion to reconsider a denial of summary judgment, because this type of order is interlocutory in nature. *United States v. Petersen Sand & Gravel, Inc.*, 806 F.Supp. 1346, 1359–60 (N.D.Ill.1992). The Court may, *sua sponte* or on motion, correct clear errors of fact or law in an interlocutory order. *Id.* Further, interlocutory orders may be reconsidered by a district court when to do so is "consonant with justice." *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir.1973). Reconsideration is also appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues pre-

sented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990) (citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983)).

■■■ However, as is the case for a motion to alter or amend a judgment under Rule 59(e), a motion for reconsideration brought under Rule 60(b) is not at the disposal of parties who want to "rehash" old arguments. *In re Oil Spill by "Amoco Cadiz,"* 794 F.Supp. 261, 267 (N.D.Ill.1992), *aff'd*, 4 F.3d 997 (7th Cir.1983); *Quaker Alloy Casting v. Gulfco Indus. Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988). Rather, Rule 60(b) authorizes a Court to grant relief from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party; and (4) when the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed.R.Civ.P. 60(b). Motions brought pursuant to Rule 60(b), "must be shaped by [these] specific grounds for modification or reversal ... they cannot be general pleas for relief." *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir.1992). Rule 60(b) relief " 'is an extraordinary remedy and is granted only in exceptional circumstances.' " *Harold Washington Party v. Cook County, Illinois Democratic Party*, 984 F.2d 875, 879 (7th Cir.1993) (quoting *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir.1984)); *see also Margoles v. Johns*, 798 F.2d 1069, 1073 (7th Cir.1986) ("[R]elief under Rule 60(b) is warranted only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust").

After carefully considering this issues in this case and our December rulings, the

Court finds that plaintiffs' Motions to Reconsider are merely an attempt to rehash old arguments and extend this litigation. Therefore, plaintiffs' Motions to Reconsider (# 209, 210, 211, 212, 213) fail to meet the standards for reconsideration and are therefore denied.