**NATIONAL BUSINESS BROKERS, LTD., a Colorado Limited Partnership, Plaintiff,**

v.

**JIM WILLIAMSON PRODUCTIONS, INC., a Louisiana Corporation, Jim Williamson, an individual, Kevin Briley, an individual, and Margorie Briley, an individual, Defendants.**

No. CIV. A. 00–WY–419–CB.

United States District Court, D. Colorado.

Aug. 31, 2000.

Kelly Anderson Evans, Snell & Wilmer, LLP, Robert James Bruce, Lindsey & Bruce, Denver, CO, for Defendants.

## ORDER DISMISSING CLAIMS AGAINST DEFENDANTS JIM WILLIAMSON AND JIM WILLIAMSON PRODUCTIONS, INC., AND DENYING MOTION FOR RECONSIDERATION

BRIMMER, District Judge.

This matter was before the Court on Defendant Jim Williamson's motion to dismiss for lack of personal jurisdiction. The Court held a hearing on the matter on Thursday, August 3, 2000. Counsel for Plaintiff National Business Brokers, Ltd. ("NBB") failed to attend the hearing. At the hearing, the Court learned that on July 31, 2000, three days prior to the hearing, NBB moved to amend its Complaint to add Jim Williamson Productions, Inc. ("JWP") as a Defendant to this action. After hearing oral argument from counsel for Defendants, the Court dismissed all claims against both Williamson and JWP without prejudice on grounds that NBB failed to establish a prima facie case of personal jurisdiction over these Defendants. The day after the hearing, pursuant to a minute order issued by United States Magistrate Judge O.E. Schlatter, NBB filed a First Amended Complaint naming JWP as a party to this action.

The matter is currently before the Court on NBB's motion to reconsider the Court's oral Order dismissing without prejudice Williamson and JWP from the case. NBB requests that the matter be re-argued, and asserts that it was improper to dismiss JWP before JWP became a party to this action. Before addressing NBB's motion to reconsider, the Court shall first explain its reasons for dismissing NBB's claims against Williamson and JWP.

### Background

This case arises out of Listing Agreements for the sale of a business. Defendant Jim Williamson, a citizen and resident of Louisiana, is a shareholder and President of JWP. JWP is a Louisiana corporation with its principal place of business in that state. The record contains no indication that Williamson or JWP has ever conducted business in Colorado.

NBB operates as an intermediary bringing together buyers and sellers of businesses. NBB solicited the commercial listing and sale of JWP's wholly owned subsidiary, Educational Video Resources. The Listing Agreement that forms the basis of this lawsuit was sent by NBB to JWP in Louisiana. Williamson signed the Listing Agreement on behalf of JWP in Louisiana. NBB alleges that Williamson entered into a revised version of the Listing Agreement containing essentially the same terms. NBB further alleges that from April to September 1999, Williamson contacted NBB numerous times (NBB alleges approximately 138 facsimile and tele-

phone contacts) requesting information and services consistent with the terms of the original and revised Listing Agreements.

In September 1999, Defendants Kevin and Margorie Briley contacted NBB to inquire about the sale of Educational Video Resources. After executing an agreement with the Brileys, NBB referred the Brileys to JWP and Williamson in Louisiana. JWP ultimately sold the video business to the Brileys for approximately $1.45 million. NBB never received any commission on the sale and brings this action for breach of contract, promissory estoppel, unjust enrichment, and tortious interference with contract. The Court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, diversity of citizenship.

### Analysis

**1. Explanation of Order Granting Motion to Dismiss**

■ Where a defendant challenges a court's in personam jurisdiction,

[t]he plaintiff bears the burden of establishing personal jurisdiction over the defendant.... Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing.... The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits.... If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party.

*Behagen v. Amateur Basketball Ass'n,* 744 F.2d 731, 733 (10th Cir.1984) (citations omitted). To establish personal jurisdiction in a diversity case, such as this one, a plaintiff must show both that jurisdiction is proper under the forum state's long-arm statute and that exercise of personal jurisdiction over the defendant comports with the Due Process Clause of the United States Constitution. *See Equifax Servs., Inc. v. Hitz,* 905 F.2d 1355, 1357 (10th Cir.1990).

■ For the first step of the analysis, the Court turns to Colorado's long-arm statute, which establishes personal jurisdiction over defendants who, either in person or by an agent, engage in various activities within the state including the transaction of business and the commission of a tortious act. *See* Colo.Rev.Stat. § 13–1–124(1)(a)–(b) (1999). Under Colorado law, this Court may exercise personal jurisdiction to the full extent of the Due Process Clause of the Fourteenth Amendment. *See Dart Int'l, Inc. v. Interactive Target Sys., Inc.,* 877 F.Supp. 541, 543 (D,Colo.1995) (citing *Safari Outfitters, Inc. v. Superior Court,* 167 Colo. 456, 448 P.2d 783 (Colo.1968)). Thus, the Court's analysis collapses into a single inquiry, whether the exercise of personal jurisdiction over Williamson and JWP comports with due process. Federal law, not state law, guides the due process analysis. *See Cubbage v. Merchent,* 744 F.2d 665, 667 (9th Cir.1984).

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471–72, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (quoting *International Shoe Co. v. State of Washington,* 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). To stay within due process limitations, a forum may exercise personal jurisdiction only over defendants that have "certain minimum contacts [with the jurisdiction] ... such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe,* 326 U.S. at 316, 66 S.Ct. 154 (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)). The "minimum contacts" standard may be satisfied in either of two ways—general or specific

**1254**

jurisdiction. *See Kuenzle v. HTM Sport–Und Freizeitgerate AG*, 102 F.3d 453, 455 (10th Cir.1996). General jurisdiction over the defendant exists where the defendant's contacts with the forum are "continuous and systematic." *See Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1533 (10th Cir.1996) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16 & n. 9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). In this case, NBB does not argue that Williamson and JWP are subject to the Court's general jurisdiction. Rather, NBB contends these Defendants have sufficient contacts with the forum state to subject them to the Court's specific jurisdiction. "Specific jurisdiction may be exercised where the defendant has 'purposefully directed' its activities toward the forum jurisdiction and where the underlying action is based upon activities that arise out of or relate to the defendant's contacts with the forum." *Kuenzle*, 102 F.3d at 456 (quotation omitted).

■ "Purposeful availment requires actions by the Defendant which 'create a substantial connection with the forum state.'" *OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086 (10th Cir.1998) (quoting *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 109, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)). The record before the Court demonstrates that Williamson, on behalf of JWP, entered into at least two Listing Agreements with NBB and initiated numerous telephone and facsimile communications with NBB regarding those agreements. There is no indication, however, that Williamson or JWP has had any other contacts with Colorado. The law is clear that a party does not submit itself to personal jurisdiction in a distant forum simply by entering into a contract with a party that resides in that forum. *See Ruggieri v. General Well Serv., Inc.*, 535 F.Supp. 525, 535 (D.Colo.1982) ("Jurisdiction is not proper in Colorado merely because one of the parties to the contract [is] a Colorado resident."). The same holds true even in cases where the defendant enters the forum state to discuss some of the details of the contract. *See Associated Inns & Restaurant Co. v. Development Assocs.*, 516 F.Supp. 1023, 1026 (D.Colo. 1981).

■ The Court finds the facts of this case analogous to those presented in *Automated Quill, Inc. v. Chernow*, 455 F.Supp. 428 (D.Colo.1978). The parties in that case entered into a license agreement regarding use of certain computer programs. *Id.* at 429. The plaintiff, a Colorado corporation, brought suit in this Court alleging breach of the agreement. *Id.* The defendants, a Florida corporation and three citizens of the state of Florida, moved to dismiss for lack of personal jurisdiction on grounds that the agreement had been executed in Florida, none of the defendants transacted business in Colorado, and none had entered Colorado during negotiation of the agreement. In granting the defendants' motion, Judge Kane wrote:

> Defendants did not come into Colorado for either negotiations or execution of the licensing agreement in question; they did not initiate any activity peculiar to Colorado which was undertaken on defendants behalf; the licensing agreement in question was not issued in conjunction with any other Colorado activity; the defendants activities as licensees are not specifically directed to Colorado; there is no evidence that defendants maintain an agent within the State of Colorado, a place of business, employees, a bank account, any subsidiaries which do business within the state, exercise ownership over any real or personal property within the state, nor enter into any contract in the state or any contract to be performed within the state. It is only too evident that defendants have not personally availed themselves of the privilege of conducting activities in Colorado.

*Id.* at 432. Judge Kane's analysis applies with equal force to the facts of this case. Accordingly, the Court finds that the Leasing Agreements and telephone and facsimile communications initiated by Williamson and JWP do not constitute suffi-

cient minimum contacts with Colorado as would allow the Court to exercise personal jurisdiction over these Defendants.

■ NBB further contends that exercise of personal jurisdiction is proper in this case because the Defendants engaged in tortious conduct that caused injury within the state. As stated above, Colorado's long-arm statute provides for personal jurisdiction over defendants who commit tortious acts within the state. *See* Colo.Rev. Stat. § 13–1–124(1)(b) (1999). In defining the contours of this provision, the Colorado Supreme Court has stated that "it is not necessary that both the tortious conduct constituting the cause and the injury constituting the effect take place in Colorado. Instead, ... the statute [may be] satisfied when only the resulting injury occurs in this state." *Classic. Auto Sales, Inc. v. Schocket*, 832 P.2d 233, 235–36 (Colo.1992) (citations omitted). Accordingly, "[a]llegations that a defendant's acts in another state ultimately caused injury in Colorado, and thus constituted a tort here, suffice as a prima facie showing of threshold jurisdiction." *Jenner & Block v. District Court*, 197 Colo. 184, 590 P.2d 964, 966–67 (1979). Here, NBB contends its allegations that Williamson and JWP's tortious conduct in Louisiana caused injury to NBB in Colorado are sufficient to establish a prima facie case of jurisdiction. The Court disagrees.

■ It is undisputed that the alleged tortious acts were committed in Louisiana. Absent allegations of tortious activity in Colorado, exercise of personal jurisdiction under Colorado's long-arm statute is permitted only where "the injury itself ... occurred in Colorado." *McAvoy v. District Court*, 757 P.2d 633, 635–36 (Colo. 1988). "Further, the injury in the forum state must be direct, not consequential or remote, and loss of profits in the state of plaintiff's domicile is insufficient to sustain long-arm jurisdiction over a nonresident defendant." *Amax Potash Corp. v. Trans–Resources, Inc.*, 817 P.2d 598, 600 (Colo.Ct.App.1991). The fact that a Colorado plaintiff " 'experiences some economic

consequences here is insufficient to confer jurisdiction on a Colorado court.'" *Wenz v. Memery Crystal*, 55 F.3d 1503, 1508 (10th Cir.1995) (quoting *Amax Potash Corp.*, 817 P.2d at 600).

■ In *Wenz*, the Tenth Circuit affirmed the trial court's dismissal for lack of personal jurisdiction over the defendant, a London law firm that had allegedly engaged in unauthorized disbursal of funds from an account maintained for a Colorado client in England. *Id.* at 1507–09. Although the unauthorized disbursals clearly had an economic impact on the Colorado client, the court held that the loss or injury occurred in London where the account was located, not in Colorado. *Id.* at 1508; *see also GCI 1985–1 Ltd. v. Murray Properties Partnership*, 770 F.Supp. 585, 590 (D.Colo.1991) (dismissing non-resident defendant for lack of personal jurisdiction where the alleged loss of anticipated profits injured the plaintiff in Colorado "only as a result of the fortuitous circumstance that [plaintiff] maintained its headquarters in Colorado"). Likewise in this case, even though NBB may have suffered an adverse economic impact in Colorado, the loss of the sales commission occurred where the sale took place in Louisiana, not in Colorado. Mere economic impact in the forum is not sufficient to establish personal jurisdiction over Williamson and JWP. *See Wenz*, 55 F.3d at 1508; *GCI 1985–1*, 770 F.Supp. at 590; *Amax Potash Corp.*, 817 P.2d at 600. Accordingly, Plaintiff cannot rely on the tortious conduct provision of Colorado's long-arm statute to establish a prima facie case of jurisdiction over Williamson and JWP in this case.

**2. NBB's Motion for Reconsideration**

■ Prior to entry of final judgment, district courts have the inherent power to alter or amend interlocutory orders, such as the Court's August 2, 2000 oral Order dismissing without prejudice all of NBB's claims against Williamson and JWP. *See Atchley v. Heritage Cable Vision Assoc.*, 926 F.Supp. 1381, 1383 (N.D.Ind.1996).

"This inherent power is not governed by rule or statute and is rooted in the court's equitable power to 'process litigation to a just and equitable conclusion.'" *Shabazz v. Cole,* 69 F.Supp.2d 210, 226 (D.Mass. 1999). Thus, a court can alter its interlocutory orders even where the more stringent requirements applicable to a motion to alter or amend a final judgment under Rule 59(e) or a motion for relief from judgment brought pursuant to Rule 60(b) are not satisfied. *See Laird v. Stilwill,* 982 F.Supp. 1345, 1353–54 (N.D.Iowa 1997).

 Notwithstanding the district court's broad discretion to alter its interlocutory orders, the motion to reconsider "is not at the disposal of parties who want to 'rehash' old arguments." *Young v. Murphy,* 161 F.R.D. 61, 62 (N.D.Ill.1995) (quoting *In re Oil Spill by "Amoco Cadiz",* 794 F.Supp. 261, 267 (N.D.Ill.1992)). Rather, as a practical matter, "[t]o succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *See California v. Summer Del Caribe, Inc.,* 821 F.Supp. 574, 578 (N.D.Cal.1993) (internal quotation omitted). "A motion to reconsider ... should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *See Atchley,* 926 F.Supp. at 1383.

 In this case, NBB has failed to demonstrate any grounds warranting reconsideration. There is no issue of a change in controlling law or the availability of new evidence. In so far as NBB's motion for reconsideration asserts a clear error of law, such argument is without merit. As was brought to the Court's attention at the August 3, 2000 hearing, it is readily apparent from NBB's First Amended Complaint that at all times relevant to this action Williamson was acting on behalf of JWP. It is also plain that no other individual or entity acted on behalf of JWP with respect to all allegations in the First Amended Complaint. Accordingly, whether this Court can properly exercise personal jurisdiction over Williamson and JWP must be decided on the same set of factual allegations. Therefore, the Court committed no error by considering these two parties as a single entity for purposes of personal jurisdiction.

 NBB's argument that it was improper to dismiss JWP from this action before NBB actually filed its First Amended Complaint is procedural rather than substantive. As noted above, Williamson and JWP may properly be treated a single entity for jurisdictional purposes. Having concluded that Williamson is not subject to this Court's personal jurisdiction, the Court saw no reason to postpone the inevitable by awaiting the official filing of NBB's First Amended Complaint. Indeed, the absence of any substantive argument on this point in NBB's motion for reconsideration belies any contention that manifest injustice will result from this Court's refusal to reconsider its previous Order. Accordingly, NBB's motion for reconsideration must be **DENIED.**

### Conclusion

The Court reiterates its finding that Plaintiff has failed to establish a prima facie case of personal jurisdiction over Defendants Jim Williamson and Jim Williamson Productions, Inc. Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's claims against Defendants Jim Williamson and Jim Williamson Productions, Inc. are **DISMISSED WITHOUT PREJUDICE,** each party to bear its own costs.

**IT IS FURTHER ORDERED** that Plaintiff's motion for reconsideration is **DENIED.**