**In re Leroy L. FOSTER, Debtor.**

No. 02–23351–JES.

United States Bankruptcy Court,
E.D. Wisconsin.

Sept. 4, 2002.

Susan M. Kinzer, Esq., Milwaukee, WI, for debtor.

Beverly A. Temple, Assistant City Attorney, Milwaukee City Attorneys Office, Milwaukee, WI, for creditor.

DECISION

JAMES E. SHAPIRO, Bankruptcy Judge.

The debtor, Leroy L. Foster, has filed a motion for a new evidentiary hearing to

reconsider this court's order dated July 16, 2002 granting relief from the automatic stay to the City of Milwaukee ("City").

Upon a full consideration of the motions, briefs, and supporting affidavits of the debtor and City, the court **DENIES** debtor's motion for reconsideration.

In order to place this matter in its proper perspective, the following chronological history of the debtor's bankruptcies over the past 19 years is provided:

| Case Number | Date of Filing | Type of Case | Judge | Debtor's Atty | Disposition |
|---|---|---|---|---|---|
| 83–21258 | April 7, 1983 | Chapter 7 | Ihlenfeldt | John Savage | Discharge 07/18/83 |
| 84–24680 | Nov. 9, 1984 | Chapter 7 | Ihlenfeldt | Michael Hayes | Dismissed 11/02/87 |
| 87–25005 | Nov. 12, 1987 | Chapter 13 | Eisenberg | Michael Hayes | Dismissed 03/19/90 |
| 90–25518 | Oct. 16, 1990 | Chapter 13 | Clevert | Michael Hayes | Dismissed 07/16/91 |
| 91–25290 | August 9, 1991 | Chapter 13 | Clevert | Jeffrey Reitz | Dismissed 06/16/93 |
| 93–23767 | June 30, 1993 | Chapter 13 | Eisenberg | Clifton Owens | Discharge* 10/11/95 *This case was converted from ch. 13 to ch. 7 on 06/28/95 |
| 95–27444 | Nov. 20, 1995 | Chapter 13 | Eisenberg | *Pro se* | Dismissed 09/24/96 with prohibition against filing another ch. 13 for 180 days |
| 97–23665 | April 18, 1997 | Chapter 13 | McGarity | Clifton Owens | Voluntary dismissal 07/16/01 |
| 01–28465 | July 20, 2001 | Chapter 7 | Shapiro | Clifton Owens | Discharge 10/31/01 |
| 02–23351 | March 22, 2002 | Chapter 13 | Shapiro | Susan Kinzer | Pending |

On June 25, 2002, an evidentiary hearing was held on the motion of the City for relief from the automatic stay in connection with certain property located at 2377–79 North Holton Street, Milwaukee, Wisconsin. This property owned by the debtor consists of a tavern and jazz club known as the "Jazz Oasis" and also is his residence. At the conclusion of this hearing, the court granted the City's motion for relief from stay. The order for relief from stay included annulment of the stay for the purpose of validating the City's judgment in its *in rem* foreclosure action in Milwaukee County circuit court, entered on Monday, March 25, 2002. Entry of this foreclosure judgment occurred shortly after the debtor filed this chapter 13 case on the previous Friday, March 22, 2002. The City first learned of such filing after it already had entered this foreclosure judgment.

The debtor, in his motion for reconsideration, claims that material misrepresentations were made at the evidentiary hearing by both Jerome Gellert, Supervising Assessor for the City, and Assistant

City Attorney, Beverly A. Temple. The debtor asserts that Mr. Gellert falsely testified as to why the property is on the so-called "environmental hold" list (sometimes also referred to as the "do not acquire" list). The debtor further claims that Assistant City Attorney Temple's statements that the debtor's repeated bankruptcy filings frustrated the City's efforts to obtain this property for many years were also false. In support of this latter charge against Assistant City Attorney Temple, the debtor states that the City never attempted to obtain relief from the automatic stay in any of the debtor's previous bankruptcies.

The debtor is incorrect in his assertion that the City made no previous attempts to obtain this property through bringing a motion for relief from stay. In Case No. 93–23767, a hearing was held on June 6, 1995 before The Honorable Russell A. Eisenberg on a motion for relief from the automatic stay brought by the City. Judge Eisenberg denied the City's motion for relief from stay but directed that the debtor make certain payments to the City as adequate protection. In his court minutes, Judge Eisenberg stated that: "The City has not received a penny towards payment of real estate taxes since 1976—more or less."

Regardless of whether Mr. Gellert made any false statements regarding the "environmental hold" list or whether Assistant City Attorney Temple made false statements regarding the City's efforts to acquire this property, such statements, if made, were immaterial and had no bearing on this court's decision. What the court found compelling was the debtor's past pattern of repeated bankruptcy filings, debtor's broken promises to make payments on past due real estate taxes, and the increasing arrearage of the debtor's long-overdue real estate taxes. In the

debtor's first bankruptcy case in 1983 (No. 83–21258), the outstanding real estate taxes due to the City totalled $10,211.43. That sum has now escalated to more than $115,000. As a result of these findings, the court found this case was filed in bad faith and that there was cause for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

A lack of good faith in the filing of a bankruptcy petition constitutes "cause" for relief from the automatic stay within the meaning of 11 U.S.C. § 362(d)(1). *In re Laguna Associates L.P.*, 30 F.3d 734, 737 (6th Cir.1994); *Carolin Corp. v. Miller*, 886 F.2d 693, 699 (4th Cir.1989); *In re Little Creek Development Co.*, 779 F.2d 1068, 1071–72 (5th Cir.1986); *In re Dixie Broadcasting, Inc.*, 871 F.2d 1023 (11th Cir.1989). This court concluded that it was time to end the debtor's pattern of repeated bankruptcy filings. Even Judge Eisenberg, in granting the motion of the chapter 13 trustee to dismiss Case No. 95–27444 on September 24, 1996, commented that "enough is enough."

The court agrees with the debtor that successive filings by a debtor are not per se prohibited, as was made clear in the holding of the United States Supreme Court in *Johnson v. Home State Bank*, 501 U.S. 78, 87, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991). The Supreme Court stated that Congress did not prohibit multiple filings per se and did not intend categorically to foreclose a chapter 13 filing to a debtor who previously filed for chapter 7 relief. However, the facts in *Johnson* are far different from the case at bar. In *Johnson*, the debtor in a chapter 7 case discharged the unsecured portion of his real estate mortgage and then, in order to avoid mortgage foreclosure, filed a chapter 13 case for the purpose of dealing with the remaining arrearage on the secured portion of the mortgage in his chapter 13 plan.

These facts differ from what is now before this court. In *In re Fallon*, 244 B.R. 589, 594 (Bankr.E.D.Pa.2000), the court, discussing *Johnson*, stated that multiple bankruptcy filings, while not necessarily prohibited per se, should not be condoned in truly abusive fact situations. This court does not accept the debtor's contention that Congress intended to permit serial filings "in most situations." *In re McCoy*, 237 B.R. 419, 422 (Bankr.S.D.Ohio 1999); *In re Chisum*, 847 F.2d 597, 600 (9th Cir. 1988) (citing *In re Metz*, 820 F.2d 1495, 1497 (9th Cir.1987)); and *In re Steeley*, 243 B.R. 421, 435 (Bankr.N.D.Ala.1999), all hold that bankruptcy cases must be filed in good faith and that a debtor's history of past filings and dismissals may be evidence of a bad faith filing.

At the June 25, 2002 evidentiary hearing, this court concluded that this case presents a fact situation of abuse, after considering the debtor's appalling record of ten bankruptcy case filings over a 19–year period [1] and the history of increasing unpaid real estate taxes due and owing to the City. To deny the City relief on its motion under these circumstances would be an abuse of the bankruptcy system.

The debtor now submits there are additional facts which did not come to light in the June 25, 2002 and which should be considered pursuant to F.R.C.P. Rule 60(b). This court disagrees. A motion for reconsideration under F.R.C.P. Rule 60(b) should not be utilized for the purpose of "rehashing" old arguments. *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D.Ill.1995). The purpose of a motion to reconsider is not to give the moving party another "bite at the apple" by permitting the arguing of issues and procedures that could and should have been previously raised. *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986). A motion for reconsideration is not a "forum for new theories or for 'plugging the gaps of a lost motion with additional matters.'" *In re Bird*, 222 B.R. 229, 235 (Bankr.S.D.N.Y.1998), citing *CMNY Capital L.P. v. Deloitte & Touche*, 821 F.Supp. 152, 162 (S.D.N.Y.1993).

The debtor has also attempted to convince this court that it may relieve a party from a final judgment, order, or proceeding where there has been a misrepresentation made to the court. This court is not persuaded that any misrepresentations were made by the City through either Mr. Gellert or Assistant City Attorney Temple. Furthermore, nothing in any of the purported false statements allegedly made by Mr. Gellert or Assistant City Attorney Temple would have materially influenced this court in arriving at its decision. In *Simons v. Gorsuch*, 715 F.2d 1248, 1253 (7th Cir.1983), the Seventh Circuit declared that a denial of a motion to vacate a judgment based upon fraud and misrepresentation under Rule 60(b) is not an abuse of discretion where the alleged misrepresentations were essentially irrelevant to the legal issues on which the case turned.

Ample court decisions hold that a history of multiple bankruptcy filings by a debtor is an abuse of the bankruptcy system. See *In re Hundley*, 103 B.R. 768, 770 (Bankr.E.D.Va.1989) (filing eight bankruptcy cases over a period from 1983 through 1989); *In re Belden*, 144 B.R. 1010, 1019 (Bankr.D.Minn.1992) (nine bankruptcy cases filed consisting of a mix of chapter 7 and chapter 13 cases filed over a period of less than 15 years); *In re Houck*, 180 B.R. 186, 188 (Bankr.S.D.Ohio 1995) (three bankruptcy cases filed over a

---

1. In the debtor's brief, it is claimed that this latest bankruptcy "is possibly the eighth bankruptcy that Mr. Foster has filed during his lifetime." That is factually incorrect. This is his tenth bankruptcy case.

7–year period); and *In re Steeley*, 243 B.R. 421 (Bankr.N.D.Ala.1999) (six chapter 13 cases filed over a span of 12 years). The court in *Houck* declared:

> The record before us shows unequivocally that a driving force in the life of this debtor is to escape the payment of taxes. He has resorted to bankruptcy laws of the United States only in furtherance of that purpose. We hold this to be a misuse of bankruptcy law and to be inconsistent with the requirement of good faith in the filing of a bankruptcy case.

*Houck*, 180 B.R. at 188.

In *In re Bystrek*, 17 B.R. 894, 895 (Bankr.E.D.Pa.1982), the court aptly remarked:

> The troubling aspect of this case is that debtor's counsel seems to believe that bankruptcy court is a legal playground where the debtor can indulge in an elaborate game of catch-me-if-you-can with the creditors. Such is not the case. Although the law grants a generous measure of relief to debtors, this benefit is not gratuitous. The law also imposes a measure of responsibility .... The game attempted in this case cannot be permitted.

*Bystrek*, 17 B.R. at 895.

### CONCLUSION

Nothing in the debtor's motion for reconsideration persuades this court that its motion should be granted. The court's order dated July 16, 2002 shall remain unaltered, and the debtor's motion for reconsideration is **DENIED**.